IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 117,362

STATE OF KANSAS,
*Appellee*,

v.

BRYAN RICHARD HARRIS,
*Appellant*.

SYLLABUS BY THE COURT

1.

Generally, an appellate court does not address issues for the first time on appeal, but there are limited exceptions within defined parameters.

2.

The right to trial by jury is a fundamental right.

3.

Before the right to jury trial can be waived, a defendant must be advised of the right.

4.

It is the district court's responsibility to advise a criminal defendant of his or her right to trial by jury.

5.

While there is no particular checklist a district court must follow to ensure that a defendant knowingly and voluntarily waives the right to trial by jury, at minimum the

1

district court must meaningfully address a defendant's apparent confusion or misunderstanding before accepting any purported waiver of that right.

Review of the judgment of the Court of Appeals in 55 Kan. App. 2d 579, 419 P.3d 69 (2018). Appeal from Atchison District Court; ROBERT J. BEDNAR, judge. Opinion filed April 17, 2020. Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is reversed and the case is remanded with directions.

*Rick A. Kittel*, of Kansas Appellate Defender Office, argued the cause, and was on the brief for appellant.

*Sherri L. Becker*, county attorney, argued the cause, and *Gerald R. Kuckelman*, former county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

WILSON, J.: Bryan Richard Harris was convicted of possession of marijuana, a felony. On appeal, a panel of the Court of Appeals affirmed his conviction in a published opinion. Harris petitioned this court for review, asserting ineffective waiver of his right to trial by jury and three other issues. Because we hold that Harris' waiver of jury trial was legally insufficient, we reverse the judgment of the Court of Appeals and the district court and remand for further proceedings. We decline to address the remaining issues.

FACTS

On November 7, 2015, Atchison police officers arrested Harris on an outstanding misdemeanor warrant and transported him to the Atchison County Jail in a police cruiser. A restraint chair was needed for Harris, who had become agitated. At some point, the jacket Harris had been wearing slipped down over his hands, which were handcuffed behind his back.

2

At the jail's intake, someone removed Harris' handcuffs and jacket and placed his jacket on the intake bench. An officer checked Harris' pockets and patted him down. Harris was placed in the restraint chair and was "rolled" into a holding cell, where he calmed down. Approximately 20 minutes later, an officer located Harris' jacket, which had been moved from the intake bench to the filing cabinet behind the booking desk. The officer searched the jacket and discovered two cigarillos in one of its pockets. The odor of the cigarillos led the officer to believe that they contained marijuana, which a subsequent field test confirmed.

The State charged Harris in two separate cases—one for the misdemeanor charges that led to the warrant (case No. 2015CR275), and the other for the alleged felonies that arose on November 7 (case No. 2015CR276). The only case on appeal is the felony. Both cases were before the district court on February 3, 2016, in a single hearing relevant to this court's inquiry—the misdemeanor case for trial to the court, and the felony case for preliminary hearing. During the course of the combination hearing, the defendant's right to trial by jury did not come up. Harris was convicted as charged for the misdemeanors.

On March 28, 2016, Harris came before the court for sentencing in case No. 2015CR275 and for arraignment in case No. 2015CR276. Harris, now represented by counsel, Andrew Werring, entered a not guilty plea and asked for a trial setting. The following exchange then took place:

> "MR. WERRING:  We would enter a not guilty plea and ask the Court to set it for trial.

> "THE COURT:  Thank you.

> "MR. WERRING:  Do you want a judge or a jury?

3

"DEFENDANT: Go with the judge. I want the bench.

"THE COURT: Are you asking for a jury trial, Mr. Harris?

"DEFENDANT: I'm asking for a bench trial.

"THE COURT: Bench trial? Okay.

"MR. WERRING: Yes. That's fine.

"DEFENDANT: I don't want to waive no liabilities, right?

"MR. WERRING: It's up to you. If you want the Court to make a decision—

"DEFENDANT: I want the judge to make a decision.

"MR. WERRING: —or a jury, that's up to you.

"DEFENDANT: I want the judge to. I don't want the Court to. I want the judge to.

"MR. WERRING: Okay."

Before the bench trial on May 25, 2016, Harris' replacement counsel, Michael Highland, expressed concern that Harris did not want him to assist with the case. In the discussion that followed, the district court attempted to advise Harris—who apparently wanted to present his own opening and closing arguments, and leave the remainder of the case to his counsel—of his options, "because you don't understand what your rights are as a defendant." As the district court characterized it, Harris was presented with "three options": "Mr. Harris, your options are, as a defendant, you have the right to enter a plea, you have the right to request a jury, and you have the right to testify." The district court went on to state that "[i]n a criminal case, the defendant has the right to decide specific

4

aspects of the case, what plea to enter, whether to waive a jury trial, and whether to testify," but that, "[b]eyond these matters, defense counsel is responsible for strategical and tactical decisions like preparation, scheduling, and the type of defense." Finally, the district court informed Harris that "[Y]ou have the choice, to have an attorney, not to have an attorney, or to have standby counsel."

In response, Harris stated:

"I chose a bench trial because it ain't going to be mostly about deciding what the law is, laws and facts, something the jury don't get to do, as you're well aware of.

"I asked him to file certain motions.

"He didn't do it.

"He says he knows this is a slam-dunk case for the prosecution.

"What I know and what I would like to believe is that I have a fair judge and someone who can decide the law fairly and that isn't going to allow the prosecutor to subvert the law in order to obtain a defense—a criminal—a criminal conviction against somebody who he claims broke the law."

The trial then proceeded, and the court found Harris guilty of marijuana possession.

Harris subsequently filed a pro se motion to vacate or set aside, which the district court heard and denied on July 6, 2016. Harris then filed a motion for reconsideration, which the district court rejected prior to sentencing Harris on August 8.

Harris timely appealed his conviction to the Court of Appeals, raising four issues. The first issue asserted that Harris did not properly waive his right to jury trial.

5

After the Court of Appeals affirmed his conviction, Harris petitioned this court for review on the same four issues.

ANALYSIS

Because we hold that our ruling on Harris' first issue requires the reversal of his conviction, we need not reach his remaining three issues.

*Waiver of Right to Jury Trial*

Harris claims the district court failed to advise him of his right to a jury trial or to obtain a proper waiver of that right. In rejecting this argument, the Court of Appeals wrote:

> "The issue of Harris' right to a jury trial was addressed at the arraignment and bench trial. At his arraignment, Harris entered a not guilty plea, then his attorney asked if he wanted the trial before a judge or a jury. Harris replied, 'Go with the judge. I want the bench.' When the district court asked if he wanted a jury trial, Harris stated, 'I'm asking for a bench trial.' Harris stated that he did not want to waive 'liabilities' and his attorney responded that it was up to him. As his attorney was asking if Harris wanted a judge or jury to make a determination, Harris spoke over him, saying, 'I want the judge to make a decision. . . . I want the judge to. I don't want the Court to. I want the judge to.' Harris asserts that by saying that he did not want to give up liabilities, he may have been expressing that he did not want to waive the right to jury trial. However, immediately after he made that statement, his attorney asked if he wanted the judge or the jury to make the determination, to which Harris stated multiple times that he wanted the judge. Harris brought up his choice of having a bench trial again at the beginning of the trial. He stated that he chose a bench trial because he believed the judge was fair and could prevent the prosecutor from subverting the law for a conviction.

6

"Further, Harris' circumstances are unique because he had participated in a bench trial pro se in case No. 2015CR275 immediately before the preliminary hearing in this case. Given his insistence that the judge hear the trial and the fact he had defended himself in a bench trial during the pendency of this case, the particular facts and circumstances of this case show Harris had a sufficient understanding of the difference between a jury trial and bench trial. His waiver was knowingly and voluntarily made." *State v. Harris*, 55 Kan. App. 2d 579, 586-87, 419 P.3d 69 (2018).

Harris raised this issue for the first time before the Court of Appeals. Generally, the court does not address even constitutional issues for the first time on appeal. *State v. Gonzalez*, No. 119,492, 2020 WL 1485675, at *9 (Kan. 2020). Within its discretion, however, the appellate court may do so if the party trying to raise a new issue shows a recognized exception to the general rule. Those exceptions are:

"'(1) [T]he newly asserted claim involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) the claim's consideration is necessary to serve the ends of justice or to prevent the denial of fundamental rights; or (3) the district court's judgment may be upheld on appeal despite its reliance on the wrong ground or reason for its decision.'" *State v. Hirsh,* 310 Kan. 321, 338, 446 P.3d 472 (2019).

We have previously emphasized "the fundamental nature of the right to jury trial." *State v. Redick*, 307 Kan. 797, 802, 414 P.3d 1207 (2018). In this case, we will address the merits of Harris' claim to prevent the denial of his fundamental right to a jury trial.

Our standard of review for this issue is well-established:

"Whether a defendant waived the right to a jury trial is a factual question, subject to analysis under a substantial competent evidence standard of review. But when the facts of the district court's determination to accept a jury trial waiver are not disputed, the

7

question whether the defendant voluntarily and knowingly waived the jury trial right is a legal inquiry subject to unlimited appellate review." *State v. Beaman*, 295 Kan. 853, 858, 286 P.3d 876 (2012).

The records of the colloquies between the district court and Harris are not in dispute; "we thus exercise unlimited review on the question of whether [the defendant] acted knowingly and voluntarily." *Redick*, 307 Kan. at 803. "In doing so, we are mindful that 'jury trial waivers should be strictly construed to ensure the defendant has every opportunity to receive a fair and impartial trial by jury.'" 307 Kan. at 803 (quoting *State v. Lewis*, 301 Kan. 349, 376, 344 P.3d 928 [2015]).

As we have long held, "in order for a criminal defendant to effectively waive his right to a trial by jury, the defendant must first be advised by the court of his right to a jury trial, and he must personally waive this right in writing or in open court for the record." *State v. Irving*, 216 Kan. 588, 590, 533 P.2d 1225 (1975). The judge, therefore, is responsible to ensure that two things occur before a trial to the bench can take place. First, the judge must clearly and unequivocally advise the defendant that they have the right to have their case tried by a jury. Because there is a constitutional right to a jury trial, and no commensurate right to a bench trial, there is a presumption that a case will be tried to the jury. It is not just a choice between a trial to the judge and a trial to the jury, as was the focus in this case.

Second, once the district court has satisfied its obligation to advise the defendant of their right to trial by jury, a waiver of that right may be considered. If the defendant indicates a desire to waive this right, then the judge must ascertain whether the waiver is made freely and voluntarily. "The test for determining a waiver's validity is whether it was voluntarily made by a defendant who knew and understood what he or she was doing." *Lewis*, 301 Kan. at 376.

8

Here, it was Harris' own attorney—not the district court—who broached the subject of a jury trial at arraignment. At that point, the district court did not expressly inform Harris of his right to a jury trial and did not mention Harris' option to waive that right. We are conscious of the possible inference that Harris understood his right to a jury trial because the court and counsel left the choice to him. Nevertheless, the district court's framing of the right to a jury trial as a mere option failed to recognize that Harris was entitled to a jury trial by *default*, without making any affirmative election. Even more, the district court did not engage in a "thoughtful exchange" with Harris about the nature of Harris' right to jury trial. *Beaman*, 295 Kan. at 860-61. Instead, the discussion centered on the confusion about what Harris wanted, whether a trial by judge or jury. Once Harris expressed his preference, the district court simply accepted that Harris wanted to have the court decide the matter and moved on without taking any steps to ensure that Harris understood the right he was giving up. Later, on the day of the trial, the district court only mentioned in passing the right to waive a jury trial, and only in the context of a broader discussion that was premised on counsel's concern about Harris' right to an attorney.

We have previously refused to establish or enumerate a "checklist" to which district courts must adhere in advising defendants of their right to a jury trial, and we will not establish one here. But when a defendant reveals confusion or a misunderstanding about trial by jury, it is incumbent on the district court to address those misconceptions and try to explain and clarify the right before accepting any purported waiver of that right. Nor can a district court infer that a defendant understands the nature of a jury trial solely based on previous participation in a bench trial or on some other facts not included in the record on appeal.

On the facts before us, we hold that the district court failed to properly apprise Harris of his right to a jury trial and failed to ensure that Harris understood the nature of the right he was giving up. Accordingly, we reverse the decisions of the district court and the Court of Appeals and remand the matter to the district court so that Harris can be

9

informed of his right to a jury trial—and either exercise that right or properly waive it. See *State v. Frye*, 294 Kan. 364, 374, 277 P.3d 1091 (2012). The court declines to address remaining issues on appeal.

CONCLUSION

We reverse Harris' conviction for possession of marijuana and remand for a new trial.

PATRICK D. MCANANY, Senior Judge, assigned.[1]

---

[1]**REPORTER'S NOTE:** Senior Judge McAnany was appointed to hear case No. 117,362 under the authority vested in the Supreme Court by K.S.A. 20-2616 to fill the vacancy on the court by the retirement of Chief Justice Lawton R. Nuss.