NOT DESIGNATED FOR PUBLICATION

No. 122,657

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JORGE ARMANDO RAMOS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Seward District Court; CLINT B. PETERSON, judge. Opinion filed May 7, 2021.
Reversed and remanded.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Russell Hasenbank*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., POWELL and CLINE, JJ.

PER CURIAM:  Jorge Armando Ramos seeks reversal of his criminal conviction because he did not waive his right to a jury trial before stipulating to facts which satisfy the second element of his convicted offense. Since a jury trial waiver is required under these circumstances, we agree with Ramos and reverse his conviction.

FACTUAL AND PROCEDURAL BACKGROUND

Ramos was tried before a jury for criminal possession of a weapon by a convicted felon, under K.S.A. 2018 Supp. 21-6304(a)(1), and defacing identification marks of a

1

firearm. At some point, the State, Ramos' attorney, and the district court judge—but not Ramos himself—all signed a stipulation that read: "The parties have agreed that on February 11, 2019 the defendant, Jorge Ramos, was not legally able to possess a firearm. This fact is to be considered by you as true." This stipulation satisfied the second element of the offense of criminal possession of a weapon.

Before deliberations, the district court provided the jury with the following jury instruction:

> "In count one, the defendant is charged with criminal possession of a firearm. The defendant pleads not guilty.
> "To establish this charge, each of the following claims must be proved:
> "1. The defendant possessed a firearm.
> "2. The defendant was not legally able to possess a firearm.
> "3. This act occurred on or about the 11th day of February, 2019 in Seward County, Kansas.
> "'Possession' means having joint or exclusive control over an item with knowledge of or intent to have such control or knowingly keeping some item in a place where the person has some measure of access and right of control."

When reading this instruction, the district court judge also told the jury, "And ladies and gentlemen of the jury, regarding Count 1, the parties have entered into a stipulation that reads as follows," and then read the language from the stipulation. The district court provided the jury with a copy of the stipulation, along with the jury instructions and trial exhibits, for use in its deliberations. The record does not reveal any discussion of the stipulation with Ramos, including any waiver of his right to a jury trial.

The jury found Ramos guilty of criminal possession of a weapon. It acquitted him of the second charge. Ramos now timely appeals.

ANALYSIS

Ramos argues the stipulation signed by his counsel and provided to the jury violated his right to a jury trial because the district court did not obtain a jury trial waiver from Ramos. The Kansas Supreme Court recently held in *State v. Johnson*, 310 Kan. 909, Syl. ¶ 3, 453 P.3d 281 (2019), that a jury trial waiver is required when a defendant stipulates to an element of a charged offense. Since we find this issue dispositive, we need not address Ramos' other arguments on appeal.

Ramos did not object to the district court's reading of the stipulation at trial. He contends we can consider his argument since it satisfies one of the recognized exceptions to the general rule prohibiting consideration of new issues on appeal. See *State v. Daniel*, 307 Kan. 428, 430, 410 P.3d 877 (2018); *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). These exceptions include the following:  (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case, (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights, and (3) the district court was right for the wrong reason. *State v. Harris*, 311 Kan. 371, 375, 461 P.3d 48 (2020). Ramos was denied his fundamental right to a jury trial, which falls within the second exception. See 311 Kan. at 375. Thus, we may consider Ramos' argument for the first time on appeal.

Further, we are not hamstrung by the absence of the district court's analysis of Ramos argument, since whether a defendant's stipulation to an element of a charged crime constituted a knowing and voluntary waiver of his right to a jury trial on this element is a question of law subject to unlimited appellate review. *Johnson*, 310 Kan. at 918.

As noted above, our Supreme Court recently addressed the issue raised by Ramos in *Johnson*, 310 Kan. 909. There, as is the case here, Johnson was charged with criminal

3

possession of a firearm, and he stipulated to an element of the offense. The district court accepted Johnson's stipulation without obtaining a jury trial waiver on the record. The Kansas Supreme Court unanimously held this was error, finding without a waiver, such a stipulation violates a defendant's right to a trial by jury. 310 Kan. at 918-19.

The Kansas Supreme Court based its reasoning in *Johnson* on the fact that both the "Fifth and Sixth Amendments to the United States Constitution 'entitle [] criminal defendant[s] to "a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt."'" 310 Kan. at 918 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 476-77, 120 S. Ct. 2348, 147 L. Ed. 2d 435 [2000]). Thus, "when a defendant stipulates to an element of a crime, the defendant has effectively given up his or her right to a jury trial on that element." 310 Kan. at 918-19.

A defendant has a fundamental right to a jury trial, so courts cannot accept a jury trial waiver, "'unless the defendant, after being advised by the court of his [or her] right to trial by jury, personally waives his [or her] right to trial by jury, either in writing or in open court for the record.'" 310 Kan. at 919. Such waivers "'should be strictly construed to ensure the defendant has every opportunity to receive a fair and impartial trial by jury.'" 310 Kan. at 919 (quoting *State v. Beaman*, 295 Kan. 853, 858, 286 P.3d 876 [2012]).

Here, the record does not reflect any evidence showing Ramos was aware of the consequences of his actions—that, by stipulating to an element of his charged offense, he was waiving his constitutional right to make the State prove he was guilty of that element beyond a reasonable doubt. While the State argues Ramos was aware of the *existence* of the stipulation (since the district court read it into the record as it was reading the jury instructions), there is no evidence to establish Ramos was aware of the *meaning* of the stipulation. The stipulation was not taken on the record from Ramos. Instead, it was a written stipulation signed by both attorneys—but not Ramos. Although Ramos' attorney

4

surely knew the meaning of the stipulation, "the ability to waive the fundamental right to a trial by jury rests solely with the defendant." *State v. Frye*, 294 Kan. 364, 371, 277 P.3d 1091 (2012).

The State asks us to find the district court's failure to obtain a jury trial waiver from Ramos to be harmless error. Yet failing to advise Ramos of his fundamental right to a jury trial cannot be considered harmless. See *State v. Simpson*, 29 Kan. App. 2d 862, 869, 32 P.3d 1226 (2001). We must therefore reverse Ramos' conviction of criminal possession of a firearm and remand this case for further proceedings.

Reversed and remanded.