NOT DESIGNATED FOR PUBLICATION

No. 128,079

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Trust Estate Created Under
the Last Will and Testament of WILLIAM J. BRINK.

MEMORANDUM OPINION

Appeal from Douglas District Court; JAMES R. MCCABRIA, judge. Submitted without oral argument. Opinion filed November 26, 2025. Affirmed in part and dismissed in part.

*Ronald Brink*, appellant pro se.

*Todd N. Thompson* and *Adam M. Hall,* of Thompson-Hall, P.A., of Lawrence, for appellee.

Before ARNOLD-BURGER, P.J., HURST, J., and JACOB E. PETERSON, District Judge, assigned.

PER CURIAM: Ronald K. Brink and Robert A. Brink were appointed as cotrustees of the Trust established by their father's Last Will and Testament. After disputes arose, Robert filed a petition to remove Ronald as cotrustee. During the ensuing litigation, Ronald filed a motion to disqualify the law firm that represented Robert, and the firm voluntarily withdrew from the case. Following a trial, the district court granted Robert's petition to remove Ronald as cotrustee. Ronald now appeals.

Although all of Ronald's claims are not entirely clear, fundamentally at issue is his status as cotrustee. Ronald failed to demonstrate the district court abused its discretion in removing him as cotrustee. All other issues asserted by Ronald are either not cognizable or unpreserved for appeal. As such, the district court's ruling removing Ronald as cotrustee is affirmed and all remaining issues are dismissed.

1

FACTUAL AND PROCEDURAL BACKGROUND

William J. Brink and Betty Lou Brink had four children, three of whom are relevant to this appeal: Robert A. Brink, Ronald K. Brink, and Judith Grant. William died in 1988, and in 1993, Ronald and Robert were appointed cotrustees of the Trust established by William's Last Will and Testament (the Will). The Will directed that the Trust be managed by the cotrustees for the benefit of Betty Lou during her lifetime and, upon her death, distributed to designated beneficiaries.

Betty Lou died in 2020, and in the following years, Ronald and Robert were unable to effectively administer the Trust together. Robert filed a petition to remove Ronald as cotrustee, alleging Ronald unlawfully appropriated real estate owned by the Trust to satisfy his personal debts. Judith, as a beneficiary of the Trust, joined the petition for Ronald's removal as cotrustee. Ronald filed an answer and counterpetition in which he sought the removal of Robert as cotrustee.

Almost 11 months after the initiation of the proceedings, Ronald filed a motion to disqualify the firm Robert engaged for representation. Less than a week later, Robert's attorney voluntarily withdrew and new attorneys unaffiliated with the firm entered their appearances to represent Robert.

The district court later conducted a trial to resolve the parties' dispute concerning control of the Trust. In its subsequent journal entry, the district court ordered the removal of Ronald as cotrustee. The district court found that Ronald had failed to effectuate the agreed and appropriate Trust distributions, impairing the Trust administration:

"4.   Despite being in agreement on the appropriateness of which properties were to be distributed to who Ronald K. Brink offered no persuasive evidence that justified his refusal to cooperate in the steps necessary to effectuate distribution of the

2

Trust property. The Court need not find, and does not find, that Ronald K. Brink was acting in bad faith in raising his objections. But, the unilateral refusal to permit the distributions to occur obstructs the obligations of the co-trustees to carry out the terms of the Trust.

"5. The administration of the Trust has been substantially impaired by Ronald K. Brink's lack of cooperation since Betty Lou Brink's death in 2020. It is now 2024, and the Trust property has not been distributed."

Given that the cotrustees were deadlocked, the district court determined it was "in the best interest of the Trust to resolve the deadlock by removing [Ronald] as co-trustee."

Ronald thereafter filed a motion for new trial. The district court denied Ronald's posttrial motion, reasoning that, "[i]f anything, after hearing the evidence, the Court has the impression Ronald's views, no matter how sincerely held, are not susceptible of being supported with evidence relevant to the issues in this present action."

Ronald now appeals.

## DISCUSSION

In his appeal, Ronald asks this court to reverse the district court's decision to remove him as cotrustee. He also requests a new trial and makes allegations that he was denied effective assistance of counsel as well as a fair trial based on Ronald's contentions that Robert's initial attorney behaved recklessly and that the district court rushed the proceedings.

*The district court did not abuse its discretion.*

This court reviews a district court's decision to remove a trustee for an abuse of discretion. *In re Bradley Trust*, 60 Kan. App. 2d 66, 74, 490 P.3d 51 (2021). "A judicial

3

action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact." *Zaragoza v. Board of Johnson County Comm'rs*, 320 Kan. 691, 711, 571 P.3d 545 (2025). When no error of fact or law is alleged, as is the case here, the question is whether "no reasonable person would have taken the view adopted by the court." *In re A.S.*, 319 Kan. 396, 400, 555 P.3d 732 (2024). The party asserting the error carries the burden of proving the abuse of discretion. 319 Kan. at 400.

Ronald's pro se appellate brief offers a single paragraph of argument to support his claim on appeal. He does not, however, make any argument that the district court abused its discretion in removing him as cotrustee. Nor does Ronald otherwise challenge the reasoning of the district court's order. Rather, Ronald's appeal raises elusive issues relating to the firm initially involved in representing Robert in the case. "Issues not briefed or not adequately briefed are deemed waived or abandoned. A point raised incidentally in a brief but not argued is also deemed abandoned." *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020).

Even when considering the merits of the district court's decision to remove Ronald as cotrustee, there is nothing in the record suggesting the district court abused its discretion. The Kansas Uniform Trust Code provides that a party may seek to remove a trustee for several reasons, including lack of cooperation:

> "(b) The court may remove a trustee if:
>> (1) The trustee has committed a breach of trust;
>> (2) lack of cooperation among cotrustees substantially impairs the administration of the trust;
>> (3) because of unfitness, unwillingness, or persistent failure of the trustee to administer the trust effectively, the court determines that removal of the trustee best serves the interests of the beneficiaries and is consistent with the terms of the trust; or

4

(4) there has been a substantial change of circumstances and the court finds that removal of the trustee best serves the interests of all of the beneficiaries, is consistent with the terms of the trust, is not inconsistent with a material purpose of the trust, and a suitable cotrustee or successor trustee is available." K.S.A. 58a-706.

The district court removed Ronald as a cotrustee because Ronald's lack of cooperation had substantially impaired the administration of the Trust, including Ronald's unilateral refusal to permit appropriate distribution of the Trust assets. Given the facts presented, this court cannot say the district court's decision was so unreasonable that no reasonable person would agree. The district court did not abuse its discretion.

*All remaining issues Ronald attempts to raise are unpreserved.*

Ronald's brief appears to also allege that he was denied effective assistance of counsel and the right to a fair trial. Ronald failed to raise these claims before the district court—despite several opportunities to do so. Any issues not raised before the district court cannot be raised on appeal. *In re A.S.*, 319 Kan. at 399-400. "Even constitutional grounds for reversal asserted for the first time on appeal are not properly preserved." *State v. Holley*, 315 Kan. 512, 524, 509 P.3d 542 (2022). The Kansas Supreme Court has recognized three exceptions to this general rule:

> "'(1) [T]he newly asserted claim involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) the claim's consideration is necessary to serve the ends of justice or to prevent the denial of fundamental rights; or (3) the district court's judgment may be upheld on appeal despite its reliance on the wrong ground or reason for its decision.'" *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021) (quoting *State v. Harris*, 311 Kan. 371, 375, 461 P.3d 48 [2020]).

However, Kansas Supreme Court Rule 6.02(a)(5) (2025 Kan. S. Ct. R. at 36) requires that "[i]f the issue was not raised below, there *must* be an explanation why the issue is properly before the court." (Emphasis added.) The failure to comply with the rule risks a ruling that the issue is improperly briefed and therefore waived or abandoned. See, e.g., *Holley*, 315 Kan. at 524 ("Supreme Court Rule 6.02[a][5] . . . requires an appellant to explain why he or she failed to raise an issue below and why it should be considered for the first time on appeal. We strictly enforce this rule.").

Ronald does not explain why his claims are properly before this court despite his failure to raise them below. Accordingly, Ronald has failed to comply with Rule 6.02(a)(5), and his remaining claims are not properly before this court.

CONCLUSION

Ronald has failed to show that the district court abused its discretion in removing him as cotrustee, and its judgment is affirmed. Any other issues raised by Ronald are dismissed because they were not properly preserved for review.

Affirmed in part and dismissed in part.