NOT DESIGNATED FOR PUBLICATION

No. 127,754

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHANE CHRISTOPHER VAN DUSEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Montgomery District Court; F. WILLIAM CULLINS, judge. Submitted without oral argument. Opinion filed May 8, 2026. Reversed and remanded with directions.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Andrew J. Lohmann*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before GARDNER, P.J., ARNOLD-BURGER and SCHROEDER, JJ.

PER CURIAM: Shane Christopher Van Dusen timely appeals his conviction of aggravated interference with parental custody following a bench trial on stipulated facts. On appeal, Van Dusen makes multiple claims the district court erred. Because we find the district court failed to conduct an adequate plea colloquy to obtain a valid waiver of Van Dusen's right to a jury trial, we reverse and remand for a new trial. With this resolution we decline to address the other issues Van Dusen presents on appeals.

1

Van Dusen is a divorced father of two boys. In late 2022, Van Dusen's ex-wife (Mother) had custody of their two sons, ages 17 and 13 years. Although Mother had residential custody, Van Dusen had limited visitation.

Parenting time with Van Dusen did not go as planned. On more than one occasion problems arose with the parenting plan and claimed violations by Van Dusen. We need not go into the details of all of the allegations given the need to reverse this matter based on an inadequate plea colloquy.

The matter was set for a jury trial. The day before trial, Van Dusen waived his jury trial right, and the parties agreed to a bench trial on stipulated facts. Defense counsel explained that the purpose of the bench trial was to preserve multiple issues for appeal. The district court asked if Van Dusen would like to waive his right to a jury trial and submit the case on stipulated facts. Van Dusen said that he did but wanted to add to the facts that he was misdiagnosed with schizophrenia based on information provided by Mother when he went to a mental institution. The district court declined adding to the stipulated facts and asked if Van Dusen still wanted to proceed. Van Dusen agreed if the proceedings would not affect his custody rights, and the district court explained it would enter no orders related to the children. The district court again asked if Van Dusen was ready to proceed, and he agreed.

Van Dusen then stipulated to each element of aggravated interference with parental custody. He also stipulated that the facts, along with all reasonable conclusions and inferences, provided a sufficient factual basis for a conviction under K.S.A. 21-5409(b)(2)(C), aggravated interference with parental custody. The district court found Van Dusen guilty as charged.

2

At sentencing, Van Dusen requested to withdraw his plea, asserting he wanted to take the case to a jury trial. He claimed he pled "under distress" because a man on the payroll of the cartel threatened to kill him, his sons, and Mother. The district court accepted Van Dusen's characterization of pleading no contest. Nevertheless, the district court told Van Dusen he could seek to withdraw his plea after sentencing if he wanted to and to discuss it with his attorney.

The district court found Van Dusen had no prior convictions; thus, his criminal history score was I with his sentence being 12 months' imprisonment with presumptive probation for 12 months. The district court determined, given the amount of time Van Dusen had already served was longer than his sentence, it would sentence him to time served.

ANALYSIS

Van Dusen argues the district court did not ensure he knowingly and voluntarily waived his right to a jury trial. He argues the brief colloquy engaged in by the court did not fully apprise him of the rights he was waiving by not proceeding to a jury trial. The State argues the record shows Van Dusen clearly understood his jury trial rights, particularly from the fact he was set for a jury trial the next day, and he voluntarily waived his right.

"Generally, issues not raised before the district court cannot be raised on appeal." *State v. Gatewood*, 321 Kan. 564, 574, 582 P.3d 534 (2026). Van Dusen did not specifically object to the lack of a knowing and intelligent *jury* trial waiver at his plea hearing. But he did move to withdraw his plea at the sentencing hearing and asked for a jury trial because his plea was not freely and voluntarily made. He asserted that he pled under distress because a man on the payroll of the cartel threatened to kill him, his sons, and Mother. The district court accepted Van Dusen's characterization of pleading no

3

contest. Nevertheless, the district court believed all parties wanted to bring the case to a conclusion and told Van Dusen that if he wanted to withdraw his plea after sentencing, then he could discuss it with his attorney.

We find that Van Dusen sufficiently preserved his challenge to his plea as unknowingly and involuntarily entered based on coercion. And it is important to note that no one disputed his allegation at the sentencing hearing. See also *State v. Redick*, 307 Kan. 797, 802, 414 P.3d 1207 (2018) ("'[W]hether the court has advised a defendant of his or her right to a jury trial . . . should be one of the last [issues] to be denied the opportunity for exceptional treatment'" under the preservation rule.).

We review the waiver of a jury trial right for substantial competent evidence. And when the facts that support the district court's determination are not in dispute, whether the defendant knowingly and voluntarily waived the right to a jury is solely a legal inquiry subject to unlimited appellate review. *State v. Harris*, 311 Kan. 371, 375, 461 P.3d 48 (2020).

The Sixth Amendment to the United States Constitution, sections 5 and 10 of the Kansas Constitution Bill of Rights, and Kansas statutes guarantee the right to a jury trial for criminal defendants. *Redick*, 307 Kan. at 803; see K.S.A. 22-3403(1). The denial of a jury trial right through the failure to obtain a sufficient jury trial waiver before either a bench trial or a guilty plea constitutes structural error. *State v. Bentley*, 317 Kan. 222, 232, 526 P.3d 1060 (2023).

A defendant's waiver of the fundamental right to a jury trial is "'strictly construed to ensure the defendant has every opportunity to receive a fair and impartial trial by jury.'" *Harris*, 311 Kan. at 376. District courts cannot accept jury trial waivers "'unless the defendant, after being advised by the court of his right to trial by jury, personally waives his right to trial by jury, either in writing or in open court for the record.'" *State v.*

*Johnson*, 310 Kan. 909, 919, 453 P.3d 281 (2019). "The choice whether to waive jury trial rests solely with the defendant." *Redick*, 307 Kan. at 803.

A valid waiver requires the district court to engage directly with the defendant to ensure the defendant understands the rights being waived. For a legally sufficient waiver, the district court must clearly and unequivocally advise the defendant of the right to a jury trial. The defendant then must waive the right freely, voluntarily, and with a full understanding of its implications. *Harris*, 311 Kan. at 376. Whether a colloquy shows the court has met this standard depends on the facts and circumstances of the case. *State v. Beaman*, 295 Kan. 853, 858, 286 P.3d 876 (2012).

Our Supreme Court set a minimal threshold in *Redick*. The colloquy there included this statement by the district court: "'Mr. Redick, you have a constitutional right to be tried by a jury of your peers in this community and the Court must provide that to you. But I've been advised that you would prefer not to proceed in that fashion, and you would like to waive that right.'" 307 Kan. at 799. While the statement did not say much, it did let Redick know that he had the right to a jury trial, this right was protected constitutionally, the jurors would be peers from the community, and the court was required to provide a jury trial by default.

While the district court could have expanded its discussion of the right, the record showed that Redick sufficiently understood his right to a jury trial and actively chose to waive the right. His explanation illustrated his appreciation of the difference between a jury and a bench trial because he focused on publicity concerns and his fear that a jury would not be as fair or impartial as a judge. The *Redick* court would have preferred a more expansive colloquy on the jury trial process but held the judge's remarks were "minimally sufficient." 307 Kan. at 804.

The district court's colloquy in *Harris* failed to clear the bar set by *Redick*, resulting in a defective waiver. After Harris' attorney raised the possibility of a bench trial, the district court attempted to clarify some confusion about whether Harris wanted a jury or bench trial but failed to engage in any meaningful discussion of the right to a jury trial or that a jury trial was the default. Harris preferred a bench trial, and the district court accepted this decision without ensuring Harris fully understood the right he was waiving. As the *Harris* court characterized it, the district court presented a jury trial as a "mere option" that Harris could choose rather than the default position to which Harris was entitled. 311 Kan. at 376. The *Harris* court reversed, holding the district court failed to inform Harris of his jury trial right to ensure his waiver was made knowingly and voluntarily. 311 Kan. at 377.

The district court's discussion of Van Dusen's jury trial waiver here resulted in the following exchange:

"THE COURT: . . . It is the Court's understanding that the parties have reached an agreement wherein the Court will try the case based on stipulated facts that were submitted to the Court on November 6 at 3:07 p.m., and that Mr. [Van Dusen] would waive his right to a jury trial and like the Court to rule on those stipulated facts.

"And then he can preserve multiple issues for appeal. If there is an actual finding of guilt by the Court, it would preserve his issues for appeal.

"Have I accurately stated everything correctly, [Defense Counsel]?

"[DEFENSE COUNSEL]: Yes, you have, Your Honor.

"THE COURT: All right. Mr. [Van Dusen], it is my understanding that you would like to waive your right to a jury trial and submit the case to the Court based on joint stipulated facts that I believe have your signature on them—yeah, have your

6

signature on them as well as [the Prosecutor's] and [Defense Counsel's]. This is joint stipulated facts. I think you probably have a copy in your hand.

"Is that what you want to do, Mr. [Van Dusen]?

"THE DEFENDANT: Yes. There are some things that I didn't get to put in there that I would have liked to. Is there a way to make changes to that at this time?

"THE COURT: Well, not at this point in time on stipulated facts. I am assuming—what was the information that you wanted to add, because that may go more to mitigation of punishment at sentencing.

"THE DEFENDANT: I talked to [Defense Counsel] about it. He informed me but I wanted to let you know too. It is my mental health where everything came from because my ex has claimed that I am schizophrenic, which I am not. I have ADHD and autism.

"And I needed to let you know that the information actually came from her, when I went into the mental institution in 2018 for suicidal ideations. But because of what she said, with her working as a public health professional, I was diagnosed with schizophrenia by them.

"THE COURT: I tell you what, I am not going to add this to the stipulated facts because that is beyond what [the Prosecutor] agreed to, but remind me of that again at sentencing time, okay, Mr. [Van Dusen]. Because I believe it could be relevant then.

"All right. And you would still like to proceed, is that correct, Mr. [Van Dusen]?

"THE DEFENDANT: Yes, I would. As long as we can make sure—I am really worried, I do not want to leave custody on the table. I would like to make sure that I could retain that or custody with the Courts.

"THE COURT: Custody is not up to me. That will be completely up to a different Judge. I will make no orders regarding care, custody and control of your

7

children, nor do I have the authority to—I don't think the case is filed down here. I think it is a Sedgwick County case.

"So there won't be any new orders relating to that. With that, are you ready to proceed, Mr. [Van Dusen]?

"THE DEFENDANT: Yes, I am."

At the plea hearing, the district court simply asked if Van Dusen wanted to waive his jury trial right and proceed with a bench trial on stipulated facts. There was no explanation of what the right was or what was being waived. These statements fall short of the *Redick* standard for a minimally sufficient colloquy because the district court did not clearly state Van Dusen had a constitutional right to a jury trial. Even the colloquy in *Harris* was more informative for the defendant because the district court presented the two choices he had for his selection. The *Harris* court depicted this as giving the defendant the "mere option" of having a jury trial rather than presenting a jury trial as a right. 311 Kan. at 376. The holding in *Harris* reflects that a choice between two options was an insufficient framework for presenting the right to jury trial. 311 Kan. at 377.

Here, the district court started from the position Van Dusen had already considered two options and sought to confirm Van Dusen's choice. The district court stated its understanding Van Dusen wanted to waive his jury trial right and asked if its understanding was correct. From there, the district court failed to engage in a colloquy to ensure Van Dusen understood his jury trial right before he knowingly and voluntarily waived his right.

The record before us fails to show a valid waiver. The district court did not directly engage Van Dusen to fully explain his right to a jury trial and what the waiver of his right meant. We must strictly construe the waiver of the right and make a case-

8

specific assessment of the defendant's understanding before we can conclude there was a valid waiver. See *Beaman*, 295 Kan.at 858.

The record shows some confusion on Van Dusen's part, although not only about his jury trial right specifically but the proceedings more generally and if he could add to the stipulations or if this would affect his child custody issues. Clearly, Van Dusen failed to fully grasp what was happening that day in court. And the district court failed to catch the difficulty Van Dusen was having following what was happening to him. The court failed to engage directly with Van Dusen to ensure he understood the right being waived, and it is even less clear whether Van Dusen knowingly waived the right with a full understanding of its implications.

In further support of Van Dusen's claim the waiver was not knowingly and voluntarily entered, Van Dusen later made statements at sentencing about pleading guilty because of threats from a cartel of some kind, facts that were not disputed by the State and were seemingly accepted by the district court. Thus, based on the totality of the proceedings before the district court, we conclude Van Dusen did not voluntarily, with full knowledge of his rights, waive his right to a jury trial. We reverse his conviction and remand for further proceedings. With this determination, we see no need to address the other issues raised by Van Dusen on appeal.

Reversed and remanded with directions.