NOT DESIGNATED FOR PUBLICATION

No. 125,925

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ADAM DREW HUMPHREY,
*Appellant*.


MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Submitted without oral argument. Opinion filed April 26, 2024. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Ryan J. Ott*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.


Before BRUNS, P.J., GARDNER and ISHERWOOD, JJ.


PER CURIAM: Adam Drew Humphrey pled guilty to aggravated battery against a law enforcement officer following a car chase and shootout with police. He appeals his sentence and the district court's restitution order, alleging constitutional violations and challenging the restitution decision as unsupported. Finding no error, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On August 30, 2020, Officer Cody Way witnessed a driver, later identified as Adam Drew Humphrey, commit two traffic infractions, so he initiated a traffic stop. Humphrey refused to stop, and a car chase ensued. At some point in this pursuit, Humphrey directed his vehicle into a city park. While pursuing Humphrey through the park, Way heard and saw gunshots coming from the passenger side of Humphrey's car. Way was eventually hit by a bullet which ricocheted during the pursuit and entered his patrol car through the floorboards, striking him in the foot. Way required hospitalization and surgery; he also suffered broken bones, torn ligaments, and nerve damage in his foot.

The car chase eventually ended after Humphrey crashed his car into a ditch. Officers used dogs to track the car and when it was discovered unoccupied, they directed the dogs to a search for any of its occupants. The officers did recover two spent handgun cartridges from the vehicle, one each from the driver's and passenger's sides. Additional guns and ammunition, including a rifle and two magazines, were collected from a ditch along the route of the car chase. Later analysis established that the bullet fragments found in Way's patrol car matched the rifle.

Law enforcement officers also located Humphrey's brother, Shawn Humphrey, in a nearby field. Earlier that day they had observed Shawn driving the same car involved in the chase. Shawn told investigators that the car belonged to someone he was dating. Investigators later learned that this owner was also the registered owner of a second car. Officers located the second car, stopped the driver, and found Humphrey in the back seat. Officers searched the vehicle and discovered a handgun under the front passenger seat and ammunition in the back seat. Humphrey was arrested and later analyses revealed that the gun matched some of the ammunition recovered from the area where the car chase ended.

The State charged Humphrey with three counts of attempted murder for his attempts on the lives of three law enforcement officers, including Way, criminal possession of a firearm, aggravated battery against a law enforcement officer for the great bodily harm inflicted on Way, and two counts of aggravated assault of law enforcement officers.

Humphrey ultimately pleaded no contest to aggravated battery of a law enforcement officer under count 5 of the State's complaint. This charge stemmed from the injuries Humphrey caused Way during the pursuit. The district court accepted Humphrey's plea, found him guilty of the offense, and sentenced him to serve 247 months' imprisonment. It also found that Humphrey committed his offense with a deadly weapon and ordered him to register as a violent offender.

The State also requested $40,762.44 in restitution to reimburse the City of Salina for Way's medical expenses. As support, it offered a document which purported to detail the expenses, by way of a categorized table, that the City incurred. Defense counsel agreed the sum reflected medical expenses and did not dispute the State's evidence, but objected to the State's request on the grounds it was not workable. The district court granted the State's restitution request.

Humphrey now brings his case to this court seeking an analysis of the underlying support for his restitution obligation and certain constitutional challenges he advances against his sentence.

3

*By agreeing that the restitution amount reflected medical expenses incurred by the City for Officer Way's treatment and failing to dispute the evidence offered by the State in support of Officer Way's damages, Humphrey waived any challenge to the foundation of the restitution award.*

Humphrey first challenges the sufficiency of the evidence supporting the district court's restitution award. He claims that the State's evidence, a single document included in the presentence investigation report, failed to sufficiently prove the restitution amount that the district court ordered. The document lists Way's expenses as follows:

| Class | Paid | Outstanding Reserve | Incurred |
|---|---|---|---|
| EXPENSE | $1,879.36 | $0.00 | $1,879.36 |
| IND.PPD | $18,000.00 | $0.00 | $18,000.00 |
| IND.TTD | $87.24 | $0.00 | $87.24 |
| LEGAL | $3,602.65 | $0.00 | $3,602.65 |
| MEDICAL | $17,193.19 | $0.00 | $17,193.19 |
| Totals | $40,762.44 | $0.00 | $40,762.44 |

Humphrey notes that at the sentencing hearing, the State claimed that the document calculated the total amount of damages based solely on Way's medical costs without explaining the purpose of the categories. It also did not clarify the abbreviations used for two of those categories. Somewhat related, Humphrey asserts that "medical" expenses only account for $17,193.19 of the total $40,762.44 damages assessed. He also contends that the document itself stands as proof that some of the expenses were not based on medical costs because they fall under distinctly different categories, such as "legal."

4

*Preservation and Invited Error*

Humphrey acknowledges that defense counsel objected to the restitution request based solely on its workability but argues that this court must apply our Supreme Court's decision in *State v. Smith,* 317 Kan. 130, 138-39, 526 P.3d 1047 (2023), finding the failure to object to a proposed restitution amount did not trigger the invited error rule. We agree that the invited error rule does not apply here.

The State asks that Humphrey's argument be dismissed as unpreserved because Humphrey did not make an objection specific to this issue in the district court. As support, it cites this court's decision in *State v. Palmer*, No. 122,520, 2021 WL 6140368, at *3 (Kan. App. 2021) (unpublished opinion), wherein the panel stated: "Because Palmer failed to challenge the district court's ability to order any restitution payable to Midwest and the sufficiency of the evidence supporting this award below, . . . he . . . waived and abandoned these issues on appeal." (Citing *State v. King*, 288 Kan. 333, 354-55, 204 P.3d 585 [2009], and *State v. Hunziker*, 274 Kan. 655, 659, 56 P.3d 202 ([2002].)

The State also challenges Humphrey's framing of the question presented. It argues that Humphrey cannot circumvent preservation rules by characterizing his claim as a challenge to the sufficiency of the evidence supporting the district court's decision. The State maintains that this issue instead asks whether substantial competent evidence supports a causal link between Humphrey's crime and Way's injuries. Although we do not dismiss Humphrey's claim, we agree with the State's explanation of the actual question presented in this issue.

There are several exceptions to the general rule that a new legal theory may not be asserted for the first time on appeal, including the following: (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of

justice or to prevent denial of fundamental rights; and (3) the district court was right for the wrong reason. *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021). But Supreme Court Rule 6.02(a)(5) (2023 Kan. S. Ct. R. at 36) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019). And "[a] 'decision to review an unpreserved claim under an exception is a prudential one.' Even if an exception may apply, we are under no obligation to review the claim. [Citations omitted.]" *State v. Rhoiney*, 314 Kan. 497, 500, 501 P.3d 368 (2021).

Humphrey concedes that he did not object to the district court's restitution order on the specific grounds that he raises on appeal. He also does not explain why this unpreserved evidentiary issue should be considered for the first time on appeal. When an appellant raises a purely evidentiary issue, appellate review of an allegedly erroneous admission of evidence should be granted only if the defendant properly objected to the evidence in the district court. See *State v. Shank*, 304 Kan. 89, 94, 369 P.3d 322 (2016); K.S.A. 60-404 ("A verdict . . . shall not be set aside . . . by reason of the erroneous admission of evidence unless there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection."). Because Humphrey did not object to the restitution order on the same grounds he currently raises, he has failed to preserve this claim of error.

*The Kansas Supreme Court has already found that our criminal restitution statute does not violate* Apprendi *and we are duty-bound to adhere to that ruling.*

Humphrey next challenges Kansas' criminal restitution scheme as unconstitutional, in violation of the Sixth Amendment to the United States Constitution and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

6

The State first asserts that Humphrey's argument is unpreserved, but it acknowledges that our appellate courts have considered this issue for the first time on appeal to "prevent a denial of fundamental rights." See *State v. Robison*, 314 Kan. 245, 248, 496 P.3d 892 (2021), *cert. denied* 142 S. Ct. 2868 (2022); *State v. Craige*, No. 124,599, at *6 (Kan. App. 2022) (unpublished opinion), *rev. denied* 317 Kan. 847 (2023). The State thus also claims that this court is duty-bound by Kansas Supreme Court precedent already deciding this issue. We agree and affirm Humphrey's sentence.

A statute's constitutionality raises a question of law subject to unlimited review. *State v. Soto*, 299 Kan. 102, 121, 322 P.3d 334 (2014).

Humphrey challenges our state restitution statute under the federal Constitution. But our Supreme Court has held that restitution does not implicate a defendant's Sixth Amendment right to a jury trial as contemplated by *Apprendi* and its progeny because restitution is not considered a punishment. *State v. Brown*, 314 Kan. 292, 308, 498 P.3d 167 (2021); *Robison*, 314 Kan. at 249-51; *State v. Arnett*, 314 Kan. 183, 186-88, 496 P.3d 928 (2021), *cert. denied* 142 S. Ct. 2868 (2022).

Humphrey does not specifically reference section 5 of the Kansas Constitution Bill of Rights but suggests that his claim should also prevail under this standard. In *Arnett*, 314 Kan. at 189-93, our Supreme Court found that the Kansas restitution statutes violate section 5 to the extent they allow a conversion of any restitution orders into civil judgments. Such a scheme effectively bypasses the traditional function of juries to determine civil damages. 314 Kan. at 194. But the *Arnett* court also determined that the proper remedy was to sever the offending portions of the statutory scheme, rather than to vacate every restitution order. 314 Kan. at 194-95. So, even where Kansas' restitution statutes implicate section 5 of the Kansas Constitution Bill of Rights, the severance of the unconstitutional provisions renders a defendant's restitution order constitutionally valid. See 314 Kan. at 194-96; *State v. Owens*, 314 Kan. 210, 242-44, 496 P.3d 902 (2021).

7

This court is duty-bound to follow Kansas Supreme Court precedent unless there is some indication that court is departing from its previous position. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). There is nothing indicating such a departure, so we deny Humphrey's claim according to these rulings.

*As the Kansas Supreme Court has previously found, the action taken by the district court in ordering Humphrey to register as a violent offender for his use of a deadly weapon during the crime of conviction did not constitute impermissible judicial fact-finding in violation of* Apprendi.

Finally, Humphrey claims that the district court violated his Sixth Amendment rights as contemplated by *Apprendi* when it sentenced him to register as a violent offender by making a finding that he used a deadly weapon during his offense.

The record before us reflects that Humphrey never objected to the district court's imposition of the registration requirement. Still, he claims that this court should reach the issue because consideration of his claim is necessary to serve the ends of justice. We recognize that a panel of this court has previously employed this exception to consider a similar claim. See *State v. Unruh*, No. 122,472, 2021 WL 4808279, at *2 (Kan. App. 2021) (unpublished opinion). While we are not obligated to do so, we also elect to apply the exception. See *Rhoiney*, 314 Kan. at 500. In doing so, we find that our Supreme Court has repeatedly held that a district court's deadly weapon finding under K.S.A. 22-4902(e)(2) does not constitute impermissible judicial fact-finding as discussed in *Apprendi*. See, e.g., *State v. Carter*, 311 Kan. 206, 217, 459 P.3d 186 (2020); *State v. Huey*, 306 Kan. 1005, 1006, 399 P.3d 211 (2017). This court is duty-bound to follow this precedent. See *Rodriguez*, 305 Kan. at 1144. Thus, Humphrey's final argument also necessarily fails.

CONCLUSION

Humphrey raises three unpreserved claims. The first of those, the challenge to his restitution order, we conclude was waived given Humphrey's actions before the district court in accepting the award as one for medical expenses and in failing to dispute the State's evidence supporting Officer Way's damages for restitution. Applying established Kansas Supreme Court precedent to his remaining two arguments, we review but necessarily deny those claims. We thus affirm Humphrey's sentence and the district court's restitution judgment.

Affirmed.