IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 121,916

STATE OF KANSAS,
*Appellee*,

v.

JANET M. ALLEN,
*Appellant.*

SYLLABUS BY THE COURT

1.

In general, an appellate court will not address an issue raised for the first time on appeal, although there are limited exceptions to that rule.

2.

It is not enough for a party simply to assert the existence of an exception to the general rule that an appellate court will not address an issue raised for the first time on appeal. For the court to invoke an exception, the unpreserved issue must also be amenable to resolution on appeal. Even then, the court is not obligated to consider it.

3.

An appellate court exercises discretion when it decides whether to invoke an exception to the general rule that an appellate court will not address an issue raised for the first time on appeal.

4.

A court abuses its discretion when the exercise of that discretion is based on an error of law or fact, or when no reasonable person would have taken the view adopted by the court.

1

5.

An appellate court abuses its discretion when invoking an exception to the general rule against addressing an issue for the first time on appeal if consideration of the unpreserved issue would require the court to make factual findings such as credibility determinations, resolving evidentiary conflicts, and reweighing evidence. These are typically tasks an appellate court may not perform when the factual issues could have been fully litigated before the appeal.

Review of the judgment of the Court of Appeals in an unpublished opinion filed December 23, 2020. Appeal from Clay District Court; JOHN F. BOSCH, judge. Opinion filed November 5, 2021. Judgment of the Court of Appeals reversing the district court is reversed on the issues subject to review. Judgment of the district court is affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Michael J. Duenes,* assistant solicitor general, argued the cause, and *Kurtis Wiard*, assistant solicitor general, *Richard E. James*, county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BILES, J.: The State asks us to review a Court of Appeals decision reversing Janet M. Allen's convictions for forgery, felony theft, and misdemeanor theft. The panel held the district court violated Allen's constitutional right to be present at all critical stages in the proceedings and her statutory right to a speedy trial when granting a State-requested trial continuance. The panel remanded the case with instructions to dismiss the charges. See *State v. Allen*, No. 121,916, 2020 WL 7636299 (Kan. App. 2020) (unpublished

opinion). The State argues the panel erred when it decided Allen's claims because she did not preserve them for appeal. We agree and reverse the panel.

In general, an appellate court will not address an issue raised for the first time on appeal, although there are limited exceptions to that rule. *State v. Vonachen*, 312 Kan. 451, Syl. ¶ 1, 476 P.3d 774 (2020). But before invoking one of those exceptions, the court must also determine whether the unpreserved issue is amenable to resolution on appeal. Even then, the court is not obligated to consider it. In other words, when deviating from this general rule, the court necessarily exercises discretion. *State v. Harris*, 311 Kan. 371, 375, 461 P.3d 48 (2020). In Allen's case, we hold the panel abused that discretion because her claims required factual development well beyond an appellate court's reach. *State v. Aguirre*, 313 Kan. 189, 209, 485 P.3d 576 (2021) ("'An appellate court does not reweigh evidence, resolve conflicts in the evidence, or pass on the credibility of witnesses.'").

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Allen with forgery, identity theft, and two counts of felony theft. She posted bond and was arraigned on April 5, 2018. Under our state's speedy trial statute,

> "If any person charged with a crime and held to answer on an appearance bond shall not be brought to trial within 180 days after arraignment on the charge, such person shall be entitled to be discharged from further liability to be tried for the crime charged, unless the delay shall happen as a result of the application or fault of the defendant, or a continuance shall be ordered by the court under subsection (e)." K.S.A. 2020 Supp. 22-3402(b).

After arraignment, the court attributed three consecutive continuances to Allen, including one in which she personally waived her speedy trial rights after stating she did not object to the delay being assessed to her. On August 9, 2018, the court determined Allen's statutory 180-day period would run on February 9, 2019, to account for the previous delays. The court set trial for January 29.

On January 2, the State asked for a continuance because a witness would be unavailable. The motion stated defense counsel had "relayed that he has no objection to a continuance." It also asserted:  "The defendant has previously waived speedy trial."

According to emails filed with the district court clerk after Allen appealed, the judge's administrative assistant wrote to Allen's counsel and the county attorney on January 4, 2019, to advise that the judge suggested a May 7 trial date to accommodate the State's continuance request. The county attorney agreed "as long as the Defendant continues to waive Speedy Trial." Allen's counsel agreed to this date writing, "We'll take the time." Nothing in the record shows counsel conferred with Allen before agreeing to this continuance or in waiving her speedy trial rights. The record also does not suggest whether Allen would have objected to this continuance if asked. And the existing record does not reflect that the court held a hearing before granting the State's motion.

A jury convicted Allen of forgery, felony theft, and misdemeanor theft at the May 7 trial. It acquitted her of identity theft. The court sentenced her to 12 months' probation, to run concurrently for each of the three convictions. She appealed.

Before the Court of Appeals, Allen argued for the first time that the district court violated both her constitutional right to be present at a critical stage in the proceedings and her statutory speedy trial rights when it granted the State's continuance request. The panel decided to address those claims because, in its view, resolving them would prevent

4

a denial of fundamental rights and serve the ends of justice. It then reversed the convictions, vacated the sentence, and remanded her case to the district court with instructions to dismiss the charges. In the process, the panel declined to address Allen's remaining claim—also raised for the first time on appeal—on the trial court's alleged sua sponte advising her about the right to testify. The panel held its speedy trial holdings afforded Allen the relief she sought, which made her third claim superfluous. *Allen*, 2020 WL 7636299, at *6.

We granted the State's petition for review. It argues the panel erred in three ways: (1) reaching Allen's unpreserved claims that the district court violated her constitutional due process and statutory speedy trial rights when granting the State's trial continuance without a hearing; (2) holding the continuance could only be properly granted after a formal hearing; and (3) ordering dismissal of the charges rather than remanding Allen's unpreserved claims to the district court for an evidentiary hearing.

Allen did not cross-petition on the panel's decision to drop her third claim, nor did she mention that claim in her response to the State's petition for review, so it is not before us. See *Harsay v. University of Kansas*, 308 Kan. 1371, 1384, 430 P.3d 30 (2018) (holding litigant abandoned issues not raised in cross-petition for review, opposition to other party's petition for review, or later motion to file a conditional cross-petition for review); *State v. Funk*, 301 Kan. 925, 932-33, 349 P.3d 1230 (2015) (holding issues not fairly included in petition for review or adequately briefed considered abandoned).

Jurisdiction is proper. See K.S.A. 20-3018(b) (providing for petitions for review of Court of Appeals decisions); K.S.A. 60-2101(b) (Supreme Court has jurisdiction to review Court of Appeals decisions upon petition for review).

ISSUES RAISED FOR THE FIRST TIME ON APPEAL

"Generally, an appellate court does not address issues for the first time on appeal, but there are limited exceptions within defined parameters." *Vonachen*, 312 Kan. 451, Syl. ¶ 1. "'Within its discretion,'" an appellate court may consider a newly raised issue

"if the party trying to raise a new issue shows a recognized exception to the general rule. Those exceptions are:

"'(1) [T]he newly asserted claim involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) the claim's consideration is necessary to serve the ends of justice or to prevent the denial of fundamental rights; or (3) the district court's judgment may be upheld on appeal despite its reliance on the wrong ground or reason for its decision.'" *Harris*, 311 Kan. at 375.

Before the panel, Allen argued it should consider her unpreserved claims because they were purely legal issues and necessary to prevent a denial of her fundamental rights. And while no one disputes the right to be present at all critical stages of a criminal proceeding is a fundamental right for purposes of the unpreserved issue rubric, that designation by itself is not an automatic gateway for appellate court consideration on the merits.

*Standard of review*

It is well understood that a court abuses its discretion when (1) its judicial action is based on an error of law; (2) its judicial action is based on an error of fact; or (3) no reasonable person would have taken the view adopted by the court. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018). This framework applies to an appellate court's decision to invoke an exception to consider an unpreserved issue. See, e.g., *State v. Jones*, 313 Kan. 917, 933, 492 P.3d 433 (2021) (concluding Court of Appeals did not

6

abuse its discretion when it declined to consider First Amendment claim raised for the first time on appeal).

An appellate court abuses its discretion to take up a newly raised issue if deciding its merits would require the court to make factual findings such as credibility determinations, resolving evidentiary conflicts, and reweighing evidence. These are typically tasks an appellate court may not perform when the factual issues could have been fully litigated before the appeal. See *Aguirre*, 313 Kan. at 209; *Parsons Mobile Prod., Inc. v. Remmert*, 216 Kan. 256, 259, 531 P.2d 428 (1975) ("On appeal it is not the function of the appellate court to weigh conflicting evidence, pass on the credibility of witnesses or redetermine questions of fact. The reviewing court is concerned only with the evidence which supports the trial court's findings and not with the evidence which might have supported contrary findings."); see also *State v. Yazell*, 311 Kan. 625, 628, 465 P.3d 1147 (2020) (acknowledging the rare possibility of appellate fact-finding to resolve question of mootness because of changed circumstances arising after appeal initiated).

*The panel's decision to consider these unpreserved issues*.

The panel decided to address the merits of Allen's two unpreserved claims because it believed resolving them would prevent a denial of fundamental rights and serve the ends of justice. Relying on *State v. Wright*, 305 Kan. 1176, 390 P.3d 899 (2017), the panel reasoned:

> "Allen correctly relies on *Wright*, 305 Kan. 1176, Syl. ¶ 1, for the proposition that '"[a] continuance hearing is a critical stage of criminal trial, requiring the defendant's presence."' A continuance request may implicate a defendant's statutory speedy trial rights; however, a hearing on the motion for continuance is a critical stage of the criminal trial. Therefore, a defendant's presence at the continuance hearing implicates a

defendant's constitutional rights, regardless of whether the defendant objects to the continuance on statutory or constitutional speedy trial grounds. See 305 Kan. at 1178-79. Accordingly, we will consider this issue as it will serve the ends of justice and prevent the denial of Allen's fundamental rights." *Allen*, 2020 WL 7636299, at *3.

The panel correctly acknowledged that what Allen characterized simply as a speedy trial argument contained two distinct components—a claimed violation of her constitutional right to be present at critical stages of the proceedings and a claimed violation of her statutory right to a speedy trial under K.S.A. 2020 Supp. 22-3402(b). But the panel did not differentiate between the two when applying the preservation exceptions. See *Allen*, 2020 WL 7636299, at *3. And this failure to uncouple the constitutional claim from the statutory one carried through as the panel evaluated the merits and supposed consequences arising from its determination that error occurred.

The panel held that since a defendant's due process rights are violated when a decision is made on a continuance request at a hearing when a defendant is not present, "[i]t necessarily follows a defendant's rights are similarly violated when a continuance is granted *when no hearing occurred* because a defendant cannot be present at a hearing that never happened." (Emphasis added.) *Allen*, 2020 WL 7636299, at *3. It then held

> "Allen's constitutional right to be present at a critical stage of the proceedings *and her statutory right to be tried within 180 days were violated*. Violation of the statutory right to be tried within 180 days acts like a statute of limitations and requires the convictions be reversed, the sentences be vacated, and the charges be dismissed." (Emphasis added.) 2020 WL 7636299, at *6.

The panel noted "there was no hearing and no way for the district court to make the necessary findings to extend the trial deadline beyond the 180-day limit." *Allen*, 2020 WL 7636299, at *5. The panel stated "[n]one of these questions were addressed on the

8

record" and concluded that "for us to remand for the district court to address after the fact would be a violation of Allen's due process right to be present at a critical stage of the proceedings." 2020 WL 7636299, at *5. This led to the panel's final determination that the only remedy was to reverse Allen's convictions and dismiss the charges.

As to the statutory speedy trial claim under K.S.A. 2020 Supp. 22-3402(b), the panel focused on the statute's mechanics. It concluded the district court violated Allen's statutory speedy trial right because it found procedural infirmities that included a lack of factual findings on issues relevant to the State's continuance motion and the State's failure to argue other avenues for obtaining testimony from the unavailable witness. In the panel's view, these failings should be attributed to the State and required dismissal under the statute. *Allen*, 2020 WL 7636299, at *5-6.

*The panel abused its discretion.*

This circumstance exemplifies the quintessential challenge when an appellate court is asked to decide an unpreserved issue for the first time on appeal. Here, the panel exceeded its permissible boundaries of appellate review.

The problem with the panel's analytical approach in deciding to reach Allen's two unpreserved issues is readily apparent. The limited appellate record reflects unresolved factual representations material to those issues' consideration. And this undeveloped record is not the State's fault because Allen never raised these claims with the district court where they could be properly fleshed out.

In this respect, the record in Allen's case differs from *Wright* in that the record in *Wright* reflected that the defendant had written his attorney shortly before the first scheduled trial date to say he did not "'want any more continuance[s] accredited to me'"

9

and that he wished to "'invoke my right to be present at all critical stages.'" 305 Kan. at 1177. Yet, his attorney appeared in court without Wright and obtained a continuance extending the trial date. Wright then filed a motion to dismiss where he was allowed to argue his concerns to the district court. From this, the court in *Wright* held, "We have no hesitance in ruling that his right to be present at all critical stages of his trial was violated." 305 Kan. at 1178. But our record here reflects no such direction from Allen or engagement with the district court, so the panel was left to guess about all of this, which it did by resolving the unknowns against the State in order to hold Allen's right to be present was violated.

Recall that when the State moved in January to continue the trial, it affirmatively stated it had already coordinated this with defense counsel, who "relayed that he has no objection to a continuance." The motion also asserted the defendant had "previously waived speedy trial." And the follow-up emails between the court's administrative assistant, county attorney, and defense counsel contain other references to Allen waiving her speedy trial rights, and her attorney's acquiescence in the requested continuance, as well as counsel's acknowledgment: "We'll take the time." Taken as a whole, this provides some understanding about what happened in granting the State's continuance, but not enough to conclude violations of Allen's constitutional or statutory rights occurred.

Worse yet, the panel reversed Allen's convictions without even considering prejudice—an essential next step before reversing a conviction. See *Wright*, 305 Kan. at 1179 (when defendant's constitutional right to be present is violated, reversal is not warranted if the State can establish the error was harmless under the constitutional harmless error standard). Put another way, Allen's constitutional claim remained unsuited for consideration for the first time on appeal, because that error's impact could not be adequately assessed without affirmative, record evidence about how the error affected the trial's result. See *Wright*, 305 Kan. at 1179.

In Allen's case, the appellate record reflects the State's representation that Allen waived her speedy trial right, and that defense counsel did not challenge this representation. It also shows defense counsel acquiesced in the additional delay. But what we do not know—and cannot know without additional factual finding—is whether defense counsel had Allen's permission to adjust the trial schedule. And there is nothing in the record to suggest Allen would have objected if given the chance.

This, of course, would be material to determining a violation of the right to be present, when, as here, the communications occurred by email exchange outside the courtroom. In addition, just as in *Wright*, an appellate court cannot determine how the district court would have handled the continuance motion had Allen objected. The untested, blanket representation from the State's continuance motion that Allen already waived her speedy trial rights is—at least on its face—damaging to any claim of prejudice, especially given how the defense responded to the continuance request. Similarly, without more factual development, no appellate court could make any reliable prediction about the strength of the State's case or the strength of Allen's defense depending on which date the trial began. See *Wright*, 305 Kan. at 1179.

Moving to the statutory speedy trial claim, the preservation complications from the limited record are more pronounced. Not only is this claim similarly plagued by factual uncertainties, but the panel's stated rationales for reaching it for the first time on appeal do not hold up to scrutiny.

The speedy trial statute does not create a fundamental right, as the panel held, because K.S.A. 2020 Supp. 22-3402(b) simply fixes procedural guardrails to protect the constitutional right to a speedy trial. A statutory violation does not necessarily equate to a constitutional violation. See *Wright*, 305 Kan. at 1178 ("[I]f a defendant is denied his or

11

her right to be present and object at a continuance hearing, and the continuance is granted, it is unlikely there will be a remedy on appeal even if an appellate court later attributes the continuance time to the State."). And the panel's consideration of the statutory issue was unnecessary to serve the ends of justice because, on the merits, Allen ultimately would be bound by her attorney's acquiescence under our caselaw applying the statute. See, e.g., *State v. Brownlee*, 302 Kan. 491, 510-11, 354 P.3d 525 (2015); *State v. Brown*, 249 Kan. 698, 704, 823 P.2d 190 (1991) ("Defense counsel's actions are attributable to the defendant in computing speedy trial violations."). But see *State v. Vaughn*, 288 Kan. 140, 144, 200 P.3d 446 (2009) ("Actions of defense counsel are attributable to the defendant in computing speedy trial violations *unless the defendant timely voices his or her disagreement with those actions*." [Emphasis added.]). The panel failed to consider these nuances.

Simply put, the panel set itself up for fact-finding beyond its permissible scope of appellate review. It effectively resolved open factual issues against the State instead of recognizing the limitations in the record were a blinking signal to avoid the unpreserved claims altogether. Allen's challenges did not raise purely legal questions as she asserted. The panel abused its discretion as a matter of law when it allowed her to raise these questions for the first time on appeal. Her claims required additional development of material facts the district court record did not supply.

The judgment of the Court of Appeals is reversed on the issues subject to review. The judgment of the district court is affirmed.