NOT DESIGNATED FOR PUBLICATION

No. 128,876

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANETTE MITCHELL,
*Appellee*,

v.

ANDRIA BORSODY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; CLINTON LEE, judge. Submitted without oral argument. Opinion filed September 26, 2025. Appeal dismissed.

*Andria Borsody*, appellant pro se.

*Gary A. Nelson*, of Gary A. Nelson, P.A., of Leavenworth, for appellee.

Before BRUNS, P.J., SCHROEDER and ISHERWOOD, JJ.

PER CURIAM: Andria Borsody timely appeals from the district court's order evicting her from property owned by Anette Mitchell and granting judgment in Mitchell's favor for unpaid rent. After careful review, we find Borsody waived and abandoned her arguments on appeal due to numerous errors in her briefing, and we dismiss her appeal.

FACTUAL AND PROCEDURAL BACKGROUND

In December 2024, Mitchell gave notice to Borsody to vacate a bedroom Borsody was renting in Mitchell's house. Mitchell later filed a petition for writ of restitution in the

1

district court, requesting Borsody be ordered to vacate the property and pay $800 in unpaid rent. Borsody proceeded pro se before the district court. The record is largely incomplete as to the nature and extent of the proceedings below. In Borsody's answer to Mitchell's petition, Borsody asserted counterclaims for violations of the lease agreement, damage to personal property, and retaliatory eviction. Borsody also made some general complaints about the conditions of the property, although they do not appear to be individual claims for relief.

According to the district court's journal entry, a hearing was held on the petition; however, a transcript of the hearing is not in the record on appeal. The journal entry indicates the district court found Borsody paid $200 in rent for January and February 2025, but $600 was still due and owing. The district court denied Borsody's counterclaims, issued a writ of restitution, ordered Borsody to vacate the premises, and awarded $764.25 to Mitchell for unpaid rent as well as court costs and fees. Borsody filed an objection to the journal entry, which was essentially a motion to alter or amend the judgment, as well as a motion for stay of writ; both were denied.

ANALYSIS

Borsody raises several arguments in her pro se brief, which generally relate to issues of (1) due process and improper notice; (2) retaliatory eviction; (3) waiver; (4) lack of fairness in the proceedings or access to the court; (5) wrongful acts by Mitchell; and (6) public policy considerations. However, Borsody has not complied with multiple rules for appellate briefing; therefore, we deem her arguments waived and abandoned as explained below.

Borsody's statement of facts lacks proper citation to the record. Some of her factual assertions have no supporting citation. The remainder of her statement of facts cite to exhibits attached to her brief, which is improper under Supreme Court Rule

2

6.02(a)(4) (2025 Kan. S. Ct. R. at 36), because they are not contained in the record on appeal. Moreover, most of what is attached to Borsody's brief appears to be her own account of what she believes was said or done at various points below. As the appellant, it is Borsody's duty to furnish and cite to a proper record to support her claims of error. See *Bicknell v. Kansas Dept. of Revenue*, 315 Kan. 451, 462-63, 509 P.3d 1211 (2022). Given her failure to do so, we presume the record does not support her claims. See Rule 6.02(a)(4).

Borsody also fails to cite to the record showing where her claims were raised and ruled on below and fails to argue or explain any exception that would allow her claims to be considered for the first time on appeal. Given the deficient record, we cannot verify her arguments were ever raised before—much less ruled on by—the district court. As our Supreme Court warned in *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015), an appellant who fails to show where the argument was raised and ruled on below and fails to argue a proper exception to the preservation rule risks having the argument deemed waived and abandoned. Given our Supreme Court's directive in *Godfrey*, we deem Borsody's arguments waived and abandoned for failure to comply with Rule 6.02(a)(5).

Additionally, Borsody's arguments turn on factual issues, which we cannot discern were ever resolved by the district court. It would be an abuse of our discretion to review these claims even if Borsody had properly argued a preservation exception. See *State v. Allen*, 314 Kan. 280, 284, 497 P.3d 566 (2021). Thus, we must decline to address the merits of her claims.

Finally, even assuming we could address the merits of her claims, we would still deem them waived or abandoned due to inadequate briefing. Borsody's claims are poorly explained, lack proper citation to the record and pertinent authority, and are generally conclusory or present points incidentally raised but not argued. See *In re Marriage of*

*Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018) (issues not adequately briefed deemed abandoned); *In re Adoption of T.M.M.H.*, 307 Kan. 902, 912, 416 P.3d 999 (2018) (failure to support point with pertinent authority or failure to show why point is sound despite lack of supporting authority is like failing to brief issue); *Russell v. May*, 306 Kan. 1058, 1089, 400 P.3d 647 (2017) (point raised incidentally in brief and not argued therein deemed waived or abandoned). Accordingly, we dismiss the appeal.

Appeal dismissed.