NOT DESIGNATED FOR PUBLICATION

Nos. 127,213
127,327

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM L. VERNER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; AMY J. HANLEY, judge. Submitted without oral argument. Opinion filed November 14, 2025. Affirmed.

*Lindsay Kornegay*, of Kansas Appellate Defender Office, for appellant.

*Jon Simpson*, senior assistant district attorney, *Suzanne Valdez*, former district attorney, *Dakota Loomis*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ISHERWOOD, P.J., SCHROEDER and PICKERING, JJ.

PER CURIAM: William L. Verner entered a global plea agreement resolving five cases. As part of his plea agreement, in 18CR725, Verner agreed to stipulate to violating his probation and, in 21CR1150, to plead no contest to possession of methamphetamine with the intent to distribute. After the plea hearing but before sentencing, Verner moved to withdraw his plea, which the district court denied. On appeal, Verner challenges the district court's ruling. He asserts the district court abused its discretion by failing to fully analyze the factors under *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006), before denying his motion to withdraw his plea and when it determined Verner had not

1

demonstrated good cause to withdraw his plea. He also argues the district court erred because the evidence shows his stipulation to the probation violation was not knowingly and intelligently made. After review, we find no error by the district court, and we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In August 2018, Verner entered a plea agreement in 18CR725. Later that year, the district court sentenced Verner to a 34-month prison sentence but granted a downward dispositional departure and suspended Verner's sentence to 12 months' probation.

Before Verner completed his probation, his probation officer alleged Verner violated the conditions of probation. In a February 2020 probation violation hearing, the district court extended Verner's probation by 12 months after Verner stipulated to violating the terms of his probation.

In January 2021, Verner's probation officer filed an affidavit alleging, among other violations, Verner violated his probation by committing multiple new crimes while on probation, failing to report to his probation officer, and being unsuccessfully discharged from substance abuse treatment.

Global plea discussions continued until November 18, 2021, when the district court set the matter for a plea hearing on December 15, 2021. Verner, however, accumulated more charges before the plea hearing. That same month, the State charged Verner with one count of possession of methamphetamine with the intent to distribute in 21CR1150. Verner had been set to plea in 20CR673, which would also resolve his probation violation in 18CR725, but the filing of 21CR1150 disrupted the plea.

In April 2023, Verner's counsel requested a global plea hearing for all of Verner's cases—at that point, Verner had four active criminal cases and one traffic case:

2

18CR725, 20CR673, 21CR1150, 22CR1196, and 21TR2138. The district court scheduled the plea hearing for May 10, 2023. Sometime between the April 2023 hearing and May 10, 2023, Verner decided not to resolve his cases via the proposed global plea agreement.

On May 10, 2023, the district court began by stating, "So if we were not able to resolve anything, then we need to set the new case for preliminary hearing and two other cases for trial and the other one for a probation violation hearing." The district court set the preliminary hearing for 22CR1196 for May 25, 2023, and set the probation violation hearing for 18CR725 for the same date and time. Verner was then formally arraigned in 20CR673.

Immediately before the district court arraigned Verner in 21CR1150, Verner's counsel advised the court, "Judge, I've just been informed the defendant has decided to accept the State's offer regarding all of these cases." The district court replied:

"That's not going to happen today, Mr. Verner. You have gone back and forth and I am concerned about your competency to enter that plea.

"I'm not going to tell you that that can't happen and I'll give you a new court date but we're moving forward and setting dates because I am losing patience with your continuous failure to appear to court, late to court, change your mind, and not know exactly what you want to do so we're going to move forward with what we're doing, then we'll come back and set a plea date if you decide to go through with that."

Verner then waived formal arraignment, and the district court set a plea hearing for May 25, 2023, if Verner decided to plead on that date.

At the May 25, 2023 plea hearing, Verner agreed to plead no contest to possession with intent to distribute, a severity level 3 drug felony, in case number 21CR1150 and agreed to serve his underlying prison sentence once the court imposed his sentence. In

3

addition, Verner agreed to stipulate to violating his probation in 18CR725 and agreed to serve his underlying prison sentence. In exchange, the State agreed to dismiss Verner's other pending cases with prejudice. Verner explicitly acknowledged he agreed to the plea bargain.

The district court conducted a long plea colloquy with Verner under oath. Verner acknowledged he understood the plea agreement and the plea advisory. The district court asked if Verner was satisfied with the plea agreement, and he replied, "I'm satisfied, not really, but I know I'm . . . in a way I was wrong, and I just want to get it past me and pay my dues for what I've done—." Verner told the court that he was satisfied with his counsel's advice and thanked the district court for giving him the opportunity to work with counsel. Verner also stated that he believed a plea was in his best interest.

The district court discussed at length the rights Verner would be giving up by entering into a plea. The district court also advised him of the State's burden of proof and the presumption of innocence. Verner acknowledged his rights and waived them. The district court then advised Verner that he faced a presumptive prison sentence range from 46 to 83 months and 36 months' postrelease supervision in 21CR1150. The district court verified Verner understood, asking, "So you expect that you are facing a prison sentence and that that is what I would sentence you to; correct?" Verner indicated he understood.

Verner advised the district court that he was not coerced, threatened, or manipulated into taking the plea. He also told the court that he was not under the influence of alcohol, illegal drugs, or any prescription medications. Verner confirmed that he was not confused about the plea and that nothing was confusing his judgment. He also testified he understood he needed to register as a drug offender.

The district court asked Verner if he wanted more time to discuss the plea with his counsel, and Verner declined. The court confirmed again that Verner was "certain" he

4

wanted to enter a plea. Verner then pled no contest to possession with the intent to distribute in 21CR1150.

Verner subsequently stipulated to violating his probation in 18CR725 by committing new offenses; failing to report; failing to maintain appropriate employment; failing to advise his probation officer of changes in residence; failing to abstain from using drugs or alcohol; and failing to follow all recommendations of his substance abuse evaluation.

The district court set sentencing for July 13, 2023, which was delayed due to Verner failing to appear, and a warrant was issued. On September 6, 2023, the district court held a status hearing because Verner had been arrested and was in custody. At that hearing, Verner replied, "My lawyer might want to come talk to me because that's not what I'm trying to do." The district court reset sentencing for October 25, 2023.

Before the sentencing hearing, Verner filed a motion to withdraw plea, which the district court heard on October 25, 2023. Verner testified he "wasn't in the right state of mind" and that he "really didn't know what was going on." He later reiterated he "wasn't aware of what was really going on because [he] was really more focused on family and not going to jail." Verner said that he was coerced into his plea by his attorney. As a result, the district court found a conflict of interest existed, ended the hearing, and appointed new counsel.

The district court held a new hearing on Verner's motion to withdraw plea on November 29, 2023. Verner testified he had a fifth-grade education, attended special classes, and had a learning disability. He explained to the court that he had trouble "understanding bigger words and sentences" and had a hard time comprehending legal documents. He also told the court that he needed someone to simplify the documents for him and preferred to have legal documents read to him.

5

Verner asserted his previous counsel did not discuss potential defenses in 21CR1150 with him or discuss with him Verner's right to call witnesses. Verner testified he told previous counsel he wanted to take the case to trial or try to do drug court. Verner said he only saw the plea agreement twice—the first time on May 10, 2023, and again on May 25, 2023. According to Verner, plea counsel spent "[5], 10 minutes, maybe 20 minutes just right next door" reviewing the plea with him. He claimed his previous counsel did not ask if Verner had any questions about the plea or if he understood the plea.

Verner contended he did not know he was agreeing to go to prison and simply did what his previous counsel instructed him to do. Verner stated, "I feel like I was forced and under pressure to sign [the plea agreement] and I was led—misled about signing it, and I was just rushed through the process and not getting an understanding of what I was signing."

Verner also testified he was "under the influence" at the time of his plea. When asked what he was under the influence of, Verner responded, "Methamphetamine, marijuana, and I don't know what else." Verner later elaborated that, except for when he has been in custody, he always appeared in court under the influence.

Verner testified he filed the motion to withdraw his plea "[b]ecause I want a fair chance on my case and I feel like I'm being wrongly charged and that I would like a chance to fight my case or getting help with my case because I didn't understand back then." Neither Verner nor the State mentioned Verner's stipulations to probation at any point during Verner's testimony. Verner's counsel did not discuss the stipulations to probation during argument on the motion to withdraw the plea.

The district court reviewed the transcript of Verner's plea hearing. The court noted Verner was under oath and was not under the influence, telling Verner, "I've seen you

6

under the influence here in the courtroom, and sent you home on those occasions." The court discussed Verner's plea colloquy at length, noting that his plea hearing testimony was "all contrary statements to what you said on the stand today."

The district court continued, "While I do not find credible your testimony that [plea counsel] didn't cover any of that with you, I did, in great detail in this courtroom after letting you think it over from an earlier court setting . . . ." The district court stated, "I am going to make credibility findings today because I find no credibility with anything that you have said." The court found Verner simply changed his mind, wished he had not entered a plea, and wanted a "do over." As a result, the district court found Verner's plea was voluntarily and intelligently made and denied the motion to withdraw Verner's plea because there was not good cause to withdraw it. The court scheduled sentencing on January 4, 2024.

The district court did not address whether Verner's stipulations to violating his probation were knowingly and intelligently made, and neither party objected to the omission. The district court then sentenced Verner to 73 months' imprisonment and ordered the sentence to run consecutive to 18CR725. Verner timely appealed both cases.

After we conferenced the case, we issued an order consolidating the two appeals relating to cases 18CR725 and 21CR1150. The order noted that both cases, which involved the same parties and counsel, involved consolidated hearings before the district court and, in both cases, Verner raised the same or similar issues related to the May 25, 2023 plea hearing.

ANALYSIS

I.    *The District Court Did Not Abuse Its Discretion When It Found No Good Cause to Withdraw Verner's Plea*

*Standard of Review*

Appellate courts "review a district court's decision to deny a motion to withdraw a . . . plea for an abuse of discretion." *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). "The movant bears the burden to prove the district court erred in denying the motion." *State v. Hutto*, 313 Kan. 741, 745, 490 P.3d 43 (2021).

*Discussion*

"A plea of guilty or *nolo contendere*, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." K.S.A. 22-3210(d)(1). A judicial action is "an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable . . . ; (2) it is based on an error of law . . . ; or (3) it is based on an error of fact." *Bilbrey*, 317 Kan. at 63.

When determining whether a defendant has demonstrated good cause to withdraw a plea, a district court generally looks to the three factors from *Edgar*, 281 Kan. at 36: whether "'(1) the defendant was represented by competent counsel, (2) the defendant was misled, coerced, mistreated, or unfairly taken advantage of, and (3) the plea was fairly and understandingly made.'" These factors "establish 'viable benchmarks' for the district court when exercising its discretion" and "should not be applied mechanically and to the exclusion of other factors" that might exist in a particular case. *Bilbrey*, 317 Kan. at 62-63.

"'[L]ackluster advocacy'" may constitute good cause to support the presentence withdrawal of a plea. 317 Kan. at 65. When "a presentence motion to withdraw a plea [is] based on ineffective assistance of counsel, the court need only evaluate whether counsel's representation was competent." 317 Kan. at 66.

Verner argues the district court abused its discretion because it failed to fully analyze the *Edgar* factors. He asserts the district court "did not fully consider whether Mr. Verner received competent counsel." Verner also asserts the district court "did not fully consider whether Mr. Verner's plea counsel coerced or misled him." Finally, Verner claims the court could not have reasonably concluded he "entered the plea fairly and with understanding."

Citing *State v. Harper*, No. 121,943, 2020 WL 7636424 (Kan. App. 2020) (unpublished opinion), the State argues the district court made sufficient factual findings even though it did not specifically reference the *Edgar* factors. In *Harper*, another panel of this court acknowledged that "a district court abuses its discretion when it fails to consider the *Edgar* factors when deciding whether good cause existed to withdraw a plea prior to sentencing," but held that the district court is not "required to make express findings on each *Edgar* factor; implicit consideration is enough." 2020 WL 7636424, at *3. In support, the *Harper* panel relied on two other unpublished cases—*State v. Brownfield*, No. 119,853, 2020 WL 499711, at *2 (Kan. App. 2020) (unpublished opinion), and *State v. Molina*, No. 104,375, 2011 WL 6309457, at *3-4 (Kan. App. 2011) (unpublished opinion).

Verner cites no authority suggesting that a district court must explicitly consider the *Edgar* factors to determine whether there is good cause to withdraw a plea. Failure to support a point with pertinent authority or to show why it is sound despite a lack of supporting authority is akin to failing to brief the issue. *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020). And it appears that every Court of Appeals panel to

address the issue has held that the district court need not expressly cite *Edgar* as long as it is apparent that the district court properly applied the law. See, e.g., *State v. Egan*, No. 122,566, 2021 WL 1228129, at *2, 4 (Kan. App. 2021) (unpublished opinion); *State v. Gregory*, No. 113,207, 2017 WL 1104475, at *3 (Kan. App. 2017) (unpublished opinion). We agree, although we note that the better practice would be to make express findings on the *Edgar* factors.

### A. *Verner received competent counsel from his plea counsel.*

Verner asserts his plea counsel "pushed him to take a plea" without considering other options, never discussed possible defenses, and failed to advocate for him. He contends plea counsel did not sufficiently discuss his plea with him and felt counsel rushed him into accepting the plea. Verner complains the district court "failed to explicitly reference any of the *Edgar* factors and also failed to generally address whether Mr. Verner received competent counsel under the first *Edgar* factor." As a result, Verner argues the district court abused its discretion "as a matter of law because the district court did not truly evaluate" the first *Edgar* factor.

Verner's argument fails for two reasons. First, Verner ignores that the district court found his testimony at the motion to withdraw a plea hearing was not credible, stating, "I am going to make credibility findings today because I find no credibility with anything that you have said." Later, the district court added, "Mr. Verner simply is not providing the Court with truthful statements about what happened." Appellate courts do "not reweigh evidence or reassess witness credibility." *Bilbrey*, 317 Kan. at 63. Further, the district court specifically found Verner's testimony that his plea counsel did not cover the plea with him was not credible and noted that it discussed the plea in great detail with Verner at the plea hearing.

10

Second, the same judge presided over Verner's plea hearing and the hearing on his motion to withdraw his plea. The Supreme Court has explained that the district court is "in the best position to resolve conflicts in the testimony," particularly when the same judge presided over both the plea hearing and the hearing on the motion to withdraw the plea. *State v. Macias-Medina*, 293 Kan. 833, 839, 268 P.3d 1201 (2012). The Supreme Court explained:

"At the plea hearing, the judge was able to observe Macias-Medina when he stated that he understood the nature of the charges against him; that he understood his rights; that he was entering a plea of his own volition; and that he was not threatened or coerced into entering the plea. Thus, when Macias-Medina testified at the plea withdrawal hearing that he had been misled, coerced, and forced to enter a plea, the judge was able to ascertain that such testimony 'did not comport with what occurred at the time of plea,' and to draw a conclusion as to which contradictory testimony was more credible." 293 Kan. at 839.

That is exactly what occurred here. The same judge presided over both the plea hearing and the hearing on Verner's motion to withdraw plea. The court also began its ruling by noting it remembered Verner's plea hearing "very well." Thus, the district court was in the best position to determine which of Verner's testimonies was most credible. The district court did not abuse its discretion by failing to explicitly discuss the first *Edgar* factor because, based on the district court's ruling, it is clear the district court implicitly considered whether Verner received competent counsel. The district court concluded that Verner's testimony that he received lackluster counsel was incredible.

B. *Verner was not coerced or misled.*

Verner argues the district court erred as a matter of law when it did not expressly consider the second *Edgar* factor while ruling on his motion to withdraw his plea. Again, however, Verner ignores that the district court found Verner's testimony at the hearing on his motion to withdraw his plea was not credible. The district court credited Verner's plea

11

hearing testimony—including testimony that he was not coerced or misled—instead of Verner's testimony at the hearing on the motion to withdraw the plea. Essentially, Verner asks us to reassess the district court's credibility determination, something we cannot do. See *Bilbrey*, 317 Kan. at 63. The district court did not abuse its discretion by failing to expressly address the second *Edgar* factor. Based on its ruling, it is clear the district court assessed whether Verner was coerced or misled and found this testimony not credible.

C. *Verner entered his plea fairly and with understanding.*

Verner argues he could not have entered the plea with understanding because he testified he was high on drugs and did not understand the plea. He further contends he had a low level of reading comprehension and was rushed to sign the plea. Again, Verner's arguments on appeal ignore the district court's credibility determination. The district court specifically found that Verner was not under the influence of drugs at the time of the plea. And while the district court did not specifically address Verner's reading comprehension, the district court noted that it thoroughly explained the plea agreement to him. Verner again asks us to reassess the district court's credibility finding, which we cannot do. See *Bilbrey*, 317 Kan. at 63.

II. *Verner Claims the District Court Erred in Accepting His Probation Violation Stipulation*

Verner contends the district court erred not by revoking his probation but by accepting his stipulation to violating probation—a stipulation he alleges was not knowingly and voluntarily made. As a result, Verner claims he was denied an evidentiary hearing on his probation revocation and, therefore, denied due process.

*Preservation*

Verner acknowledges that he did not preserve this issue for appeal.

The State argues Verner's arguments are "based entirely on the district court's failure to make stipulation-specific findings and conclusions." According to the State, this argument cannot be addressed because, by failing to object to the lack of findings, Verner has not preserved the argument. The State's argument is persuasive.

"'[A] party also has the obligation to object to inadequate findings of fact and conclusions of law in order to preserve an issue for appeal because this gives the trial court an opportunity to correct any findings or conclusions that are argued to be inadequate.'" *State v. Rodriguez*, 302 Kan. 85, 91, 350 P.3d 1083 (2015). When a party does not object to the failure to make findings, the trial court is presumed to have made all necessary findings, which precludes appellate review of the issue. *State v. Thomas*, 307 Kan. 733, 750, 415 P.3d 430 (2018). Neither Verner nor his counsel objected to the district court's failure to address whether his stipulation to violating probation was knowingly and voluntarily made. He has not preserved this issue for appeal.

Similarly, issues not raised before the district court generally cannot be raised on appeal. *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). There are three exceptions to this general rule:

> "'(1) [T]he newly asserted claim involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) the claim's consideration is necessary to serve the ends of justice or to prevent the denial of fundamental rights; or (3) the district court's judgment may be upheld on appeal despite its reliance on the wrong ground or reason for its decision.'" *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021).

Verner asserts that both the first and second exception to the general rule apply to his appeal. The State disagrees, arguing Verner's challenge is not a purely legal question—it involves questions of fact. The State further claims that Verner's arguments "finally determine" nothing because "addressing Verner's claims guarantees only untold further proceedings, not finality."

The States arguments are persuasive. Verner asserts "the record contains proved and admitted facts that Mr. Verner unknowingly and involuntarily entered into the global plea agreement in which he stipulated to violating his probation." But Verner ignores one crucial point: The district court found his testimony was not credible.

Nor is the resolution of this issue finally determinative of the case. An issue is not finally determinative if it requires remand to the district court for further action. See *State v. Peters*, 319 Kan. 492, 522, 555 P.3d 1134 (2024) ("[R]esolution of Peters' constitutional challenge is not finally determinative of the case because if he is correct, then the case would merely return to the district court for resentencing."). We do not apply the first preservation exception to reach the merits of Verner's argument.

Verner also argues the second exception applies to his case. Again, the State disagrees, arguing allowing Verner "to repackage his failed 21-CR-1150 plea withdrawal contentions here surely disserves, rather than serves, the ends of justice." Again, the State's arguments are persuasive.

Nevertheless, even when an exception would support review of a claim raised for the first time on appeal, an appellate court is under no obligation to review the claim. *State v. Gutierrez-Fuentes*, 315 Kan. 341, 347, 508 P.3d 378 (2022). We decline to do so here.

Affirmed.