NOT DESIGNATED FOR PUBLICATION

No. 128,093

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANDRE ANTWON SMITH-ALLEGREE,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER MAGANA, judge. Submitted without oral argument. Opinion filed January 2, 2026. Affirmed in part, vacated in part, and remanded with directions.

*Grace E. Tran*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., MALONE and BOLTON FLEMING, JJ.

PER CURIAM: Andre Antwon Smith-Allegree appeals the district court's order revoking his probation and imposing a modified prison sentence. We granted his motion for summary disposition under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). After reviewing the record and arguments, we have no trouble finding that the district court did not abuse its discretion when it revoked his probation and imposed the underlying sentence.

1

However, after we docketed this appeal, the Kansas Supreme Court issued *State v. Ervin*, 320 Kan. 287, Syl. ¶ 12, 566 P.3d 481 (2025), ruling that offenders are entitled to receive jail credit for all time served regardless of whether they received an allowance for that time against a sentence in another case. Smith-Allegree filed a motion for supplemental briefing under Supreme Court Rule 5.01 (2025 Kan. S. Ct. R. at 31) to address, for the first time on appeal, the district court's qualified award of jail credit. We find that Smith-Allegree is entitled to receive jail credit for the days he spent in jail in the current case, even if he also receives an allowance for that time in his parole violation case. Thus, we vacate and remand this case to the district court with directions to enter an amended journal entry awarding Smith-Allegree the 165 days of jail credit to which he is entitled consistent with *Ervin*.

FACTS

In August 2023, Smith-Allegree pleaded guilty to aggravated assault in exchange for the dismissal of charges for aggravated battery and criminal possession of a weapon by a convicted felon. Under the plea agreement, the parties agreed to recommend a sentence based on the high number in the appropriate Kansas Sentencing Guidelines grid box, but also to jointly recommend a dispositional departure to probation. As support for the departure, the parties agreed that substantial and compelling reasons existed to depart because "[m]ental health played a substantial role in this offense. Defendant is currently receiving mental health treatment in custody and is willing to continue such treatment upon release," and because "[d]efendant is agreeing to forego a colorable defense."

At sentencing in October 2023, the district court followed the plea agreement by imposing an underlying 34-month prison sentence based on Smith-Allegree's A criminal history score, then granting a dispositional departure to a 24-month probation term. Along with the standard probation conditions, the court ordered Smith-Allegree to either

2

maintain or obtain full-time employment while on probation, or complete 15 hours of weekly community service if not employed full-time.

In May 2024, the State alleged Smith-Allegree had violated probation in several ways, including being found in possession of opiates and ammunition as alleged in a Wichita incident report. The State further alleged Smith-Allegree failed to provide proof of completing at least 15 hours of community service. After the probation violation warrant was served in early June 2024, Smith-Allegree posted a $500,000 surety bond and was released from custody pending a probation violation hearing.

At the evidentiary hearing in July 2024, the State presented testimony from two of the officers involved in the May 2024 incident, as well as Smith-Allegree's intensive supervision officer Derick Gonzales. Based on the evidence presented, the court determined the officers had reasonable suspicion to conduct a traffic stop for an illegal tint violation, after which they performed a protective search of the vehicle for any weapons. During the search, the officers located a baggie of Fentanyl pills next to the driver's seat. Thus, the court found Smith-Allegree in violation of his probation for possessing opiates as alleged in the State's warrant.

As for the other alleged violations, Gonzales testified that Smith-Allegree missed an appointment and failed to provide proof of completion of community service. The court found these to be additional violations of probation. Gonzales recommended the court impose a 72-hour quick-dip jail sanction.

The State disagreed with Gonzales' recommendation, asking the district court to revoke Smith-Allegree's probation. Smith-Allegree's counsel countered by pointing out that this was his first probation violation and did not involve "violence," so it was not related to his underlying crime of conviction. Defense counsel added that the

3

"circumstances about this search and seizure" raised "a lot of question marks here, a lot of doubt."

The district court decided to revoke probation and impose the underlying sentence without modification, explaining that Smith-Allegree had a "significant criminal history [with] multiple crimes of violence over a lengthy period of time." The court explained that engaging in "a pattern of new crimes . . . certainly raises concerns when someone with his history and background is placed on probation." And despite it being his first violation, the new crimes occurred only six months into the probation term and were "certainly serious," which indicated to the court that "there is no basis to continue on probation."

The district court's journal entry of probation revocation awarded Smith-Allegree 165 days of jail credit for time served from January 2, 2022, to March 24, 2022; from January 11, 2023, to January 30, 2023; from March 20, 2023, to April 11, 2023; and from July 3, 2023, to August 11, 2023. Yet the court also included a note indicating that during these dates, he was "also held on a KDOC Parole Violation warrant in [another case]. If defendant receives credit for these dates in [the prior case], then he is not eligible for duplicate credit in [the current case]." The court listed the dates it believed he was also held by KDOC.

Smith-Allegree timely appeals.

4

*The district court did not abuse its discretion in revoking Smith-Allegree's probation.*

Smith-Allegree first argues the district court abused its discretion when it revoked his probation and imposed the underlying sentence rather than imposing an intermediate sanction and reinstating probation.

Once a probation violation is established, a district court has discretion to revoke probation unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Appellate courts review a district court's decision to revoke a person's probation for abuse of discretion. 315 Kan. at 328. A judicial action is an abuse of discretion if it is arbitrary, fanciful, or unreasonable or if it is based on a legal or factual error. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021).

When a person violates the terms of their probation, a district court ordinarily must first impose intermediate jail sanctions before revoking probation altogether. K.S.A. 22-3716(c)(1)(C). But as Smith-Allegree acknowledges, the district court could bypass this requirement here since he received probation as the result of a dispositional departure. K.S.A. 22-3716(c)(7)(B).

Smith-Allegree does not claim the district court based its decision to revoke his probation on a legal or factual error. Rather, he contends it was unreasonable to revoke his probation under the circumstances, particularly because his supervision officer had recommended a 72-hour quick-dip jail sanction.

While reasonable people could differ about whether to revoke Smith-Allegree's probation, we cannot say that no reasonable person would agree with the district court's decision to revoke probation here. The court granted a dispositional departure from a

presumptive prison sentence, meaning no intermediate sanctions were required under the statutory probation scheme. The court's concerns about Smith-Allegree continuing to engage in criminal activity given his extensive criminal history were reasonable, especially less than six months into the probation term. Accordingly, we affirm the district court's decision to revoke probation and impose the underlying sentence.

*Smith-Allegree is entitled to jail credit.*

For the first time on appeal, Smith-Allegree alleges that he was not awarded the jail credit to which he was entitled. While he was awaiting disposition of this case, he was apparently also being held on a parole violation warrant by the Kansas Department of Corrections. Under Special Rule 9, his sentence in this case was required to run consecutive to any other case. K.S.A. 21-6604(f)(1). Accordingly, the district court noted that even though he was being held on a warrant for a parole violation at the same time, he would not be granted credit toward his new case for jail credit that was applied to the time spent awaiting a determination in the parole violation case.

Because Smith-Allegree raises this issue for the first time on appeal, we must first determine whether to exercise our prudential authority to consider this unpreserved claim. Smith-Allegree asserts the issue is properly before the court because it raises a purely legal question arising on undisputed facts, and is determinative of the case, and consideration of the claim is necessary to prevent the denial of fundamental rights. See *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021). The Kansas Supreme Court has recently reviewed unpreserved jail credit issues for the first time on appeal on the grounds that it presents a purely legal question presented on admitted facts. *Ervin*, 320 Kan. at 306. This coupled with the fact that *Ervin*, which changed the prior calculations used by district courts when jail credit for consecutive sentences were calculated, was filed *after* briefing in this case, but before the case was final, we elect to consider this issue for the first time on appeal.

6

The right to jail time credit in Kansas is statutory, governed by K.S.A. 21-6615(a), which states that when a defendant is convicted and sentenced to confinement, that sentence should be computed to "reflect . . . an allowance for the time which the defendant has spent incarcerated pending the disposition of the defendant's case." Statutory interpretation presents a question of law over which this court conducts an unlimited review. *State v. Davis*, 312 Kan. 259, 267, 474 P.3d 722 (2020).

In *Ervin*, the Kansas Supreme Court found that K.S.A. 21-6615(a) requires district courts to award credit for all the time spent in jail pending the disposition of a defendant's case. Furthermore, our Supreme Court held that this statute requires an award of one day of jail time credit for each day that a defendant is incarcerated pending disposition of a criminal case "regardless of whether [the defendant] received an allowance for some or all that time against a sentence in another case." 320 Kan. at 311-12. While the State argues that Ervin was wrongly decided and the Legislature did not intend to apply duplicative credit when a person is serving a mandatory consecutive sentence, it also does not dispute the fact that we are bound to follow Supreme Court precedent. See *State v. White*, 60 Kan. App. 2d 458, 471, 494 P.3d 248 (2021), *aff'd* 316 Kan. 208, 514 P.3d 368 (2022).

A review of the record indicates that Smith-Allegree *may* have been denied credit for all the time he spent incarcerated pending disposition of this case. There is no doubt he was given credit for 165 days, which, based on the journal entry, is all he was entitled to even under *Ervin*. But with the conditional statement that "[i]f defendant receives credit for these dates in 09CR3340, then he is not eligible for duplicate credit in [this case]" and nothing to indicate he was in fact given credit for the days in 09CR3340, we are simply speculating as to the final calculation. Accordingly, we find that *Ervin* requires that Smith-Allegree receive jail credit for the undisputed 165 days that he spent in jail pending disposition of the charges in this case, regardless of whether that time was

7

awarded in an earlier case. We vacate the district court's ruling regarding jail credit and remand with directions to enter an amended journal entry of probation revocation specifically outlining the assessment of 165 days of jail credit consistent with *Ervin*.

Affirmed in part, vacated in part, and remanded with directions.