NOT DESIGNATED FOR PUBLICATION

No. 128,850

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JEANETTE MARTINEZ,
*Appellant.*

MEMORANDUM OPINION

Appeal from Ford Court; SIDNEY R. THOMAS, judge. Submitted without oral argument. Opinion filed March 27, 2026. Affirmed.

*Grace E. Tran*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before GARDNER, P.J., ARNOLD-BURGER and SCHROEDER, JJ.

PER CURIAM:  After pleading no contest to trafficking contraband in a correctional institution, Jeanette Martinez appeals the district court's imposition of $250 in court-appointed attorney fees. We find that Martinez has failed to preserve her challenge to this issue on appeal and we elect not to consider it.

1

Martinez pleaded no contest to a single, felony count of trafficking contraband in a correctional institution. The district court sentenced her to 36 months' probation and a suspended term of 32 months' imprisonment.

The district court also ordered Martinez to reimburse the Kansas Board of Indigents' Defense Services (BIDS) for a portion of her attorney fees. Before imposing the fees, the district court asked whether Martinez was employed and would remain employed, how much income she made, whether she owned other assets, such as a home or car, and whether she had any bank accounts. The court also asked whether Martinez had any debts, including child support obligations or outstanding court fees in any other case.

Martinez explained that she worked as a medical equipment installer and a 1099 independent contract worker. She did not know an exact amount that she earned from her medical equipment work but estimated that it was around $300 per month. She also earned $700 every two weeks from her independent contract work and had recently received a check for that amount. Martinez explained that she owned two cars but did not have any bank accounts. She had two adult children and did not owe any child support. Martinez also told the district court that she had been evicted from her home months earlier and likely owed court fees related to those proceedings. Defense counsel added that Martinez had recently lost a job and obtained new employment, so she was still getting back on her feet. Given the circumstances, defense counsel asked that Martinez' attorney fees be waived or capped at $250.

In response, the State suggested that a cap at $200 was reasonable under the circumstances. After hearing Martinez' responses and the parties' arguments, the district

court found that $250 was "very reasonable as well" and ordered Martinez to pay that amount.

Martinez timely appeals.

ANALYSIS

The sole issue on appeal is whether the district court properly asked about and considered Martinez' financial resources and the burden the payment would impose—as required by K.S.A. 22-4513(b)—before ordering her to reimburse the BIDS attorney fees. The State asks us to dismiss this argument as unpreserved, or to affirm the order because the district court complied with the statute.

We first address the issue of preservation. Martinez acknowledges that although she asked the district court to waive attorney fees, she never contended that the imposition of attorney fees failed to comply with K.S.A. 22-4513(b), as she now does. We generally do not address legal theories raised for the first time on appeal, even those of constitutional dimension. *State v. Mendez*, 319 Kan. 718, 730, 559 P.3d 792 (2024).

True, a defendant may persuade us to review the new issue by invoking one of three exceptions to the general preservation rule. See *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021). But Martinez asserts no exception here.

And even had Martinez argued an exception, our review is prudential. Thus even when an exception may apply, we may still decline to review the question. *State v. Gray*, 311 Kan. 164, 170, 459 P.3d 165 (2020) ("Even if an exception would support a decision to review a new claim, we have no obligation to do so.").

The State correctly notes that although the district court did not waive the BIDS fees entirely, it capped the amount owed at $250, as Martinez requested. And the district court invited additional comments from the parties after announcing its decision, yet Martinez did not object to the ruling and instead confirmed that she had no additional comments. Martinez requested the amount of fees that the district court assessed and tacitly conceded at the sentencing hearing that the district court made all necessary considerations for imposing the fees. We thus decline Martinez' invitation to review her new and inconsistent claim for the first time on appeal. See *State v. Contreras*, 66 Kan. App. 2d 182, 194, 579 P.3d 1278 (2025) (Warner, J., dissenting) (explaining how reaching a claim for the first time on appeal can be unfair to the sentencing court and to the State), *petition for rev. granted* February 26, 2026; *State v. Jenlinek*, 66 Kan. App. 2d 158, 163, 577 P.3d 662 (2025) (Appellate courts are designed to review decisions made by the trial courts, not to serve as forums for introducing new arguments or evidence.), *petition for rev. filed* October 8, 2025.

Alternatively, we have reviewed the transcript and find that the district court's inquiry and analysis sufficiently complied with the requirement of K.S.A. 22-4513(b).

Affirmed.