NOT DESIGNATED FOR PUBLICATION

No. 129,105

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

IZILE LEE DANIELS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Atchison District Court; JOHN W. FRESH, judge. Submitted without oral argument. Opinion filed April 17, 2026. Affirmed.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Sherri L. Becker*, assistant county attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before MALONE, P.J., BRUNS and HURST, JJ.

PER CURIAM: Izile Lee Daniels pled no contest to two drug possession felonies. As part of sentencing, the district court ordered Daniels to pay two Kansas Bureau of Investigation (KBI) lab fees under K.S.A. 28-176(a)(1), which Daniels now challenges. Daniels failed to preserve this issue for appellate review hampering this court's ability to review the merits, and therefore the district court is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

After being charged with six felonies and two misdemeanors, Daniels pled no contest to possession of fentanyl with the intent to distribute and possession of cocaine, both nonperson felonies. At the plea hearing, the district court requested a factual basis from the State to support Daniels' convictions. Relevant to this appeal, the State said, "There was a lab that came back with the pills as fentanyl. [Daniels] would need . . . to stipulate that the other substance was cocaine." The district court asked Daniels if the "additional substance" was cocaine, to which Daniels responded affirmatively. The district court accepted the factual basis and stipulation and found Daniels guilty of both charges.

The presentence investigation report showed Daniels owed $800 for KBI lab fees, presumably for two tests. At sentencing, on January 13, 2025, the district court imposed a sentence of 68 months in prison on the felony fentanyl charge and 10 months on the felony cocaine charge, to be served concurrently. The district court also ordered Daniels to pay "$800 in KBI lab fees" without objection from Daniels.

Daniels now appeals the district court's assessment of two KBI lab fees.

DISCUSSION

Pursuant to K.S.A. 28-176(a)(1) a sentencing court "shall order" a person convicted or adjudicated for certain offenses "to pay a separate court cost of $400 for every individual offense if forensic science or laboratory services . . . are provided, in connection with the investigation, by . . . [the KBI]." Daniels argues the district court erred in assessing two KBI lab fees because the record shows the KBI only performed an analysis of the pills that were confirmed to contain fentanyl. Daniels concedes failure to preserve this issue by raising it before the district court.

2

Generally, an issue not raised before the district court cannot be raised on appeal. *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). There are exceptions to this rule, including when: (1) the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the district court was right for the wrong reason. *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021). Even if this court finds an exception applies, its review is prudential, meaning it may still decline to review the issue. *State v. Mendez*, 319 Kan. 718, 730, 559 P.3d 792 (2024).

Daniels argues that the question of whether the district court could assess two KBI lab fees is purely legal and dispositive of the appeal, making this appeal reviewable under the first exception. Daniels contends the record reflects that the KBI performed only one test which would mean Daniels should only be assessed one fee for that test. However, Daniels overstates the record available for this court's review. Daniels contends that the State's factual basis regarding the lab testing and Daniels' stipulation at the plea hearing constitute a sufficient record of proved or admitted facts. That is simply not true.

While the factual basis and stipulation creates an inference that the KBI only conducted one lab test, that fact is not proved or admitted. Daniels failed to object to or challenge the assessment of two KBI lab fees at sentencing, and therefore the State made no effort to prove the KBI conducted two lab tests. The State did not admit the KBI lab report into evidence and had no opportunity to create a record regarding the appropriateness of the fees. Thus, Daniels' contention that the facts here are undisputed is unavailing because this court does not have a complete record on review. As such, this court cannot conclude the facts are undisputed, which makes review improper. See *Allen*, 314 Kan. at 284 ("An appellate court abuses its discretion to take up a newly raised issue if deciding its merits would require the court to make factual findings such as credibility determinations, resolving evidentiary conflicts, and reweighing evidence.").

3

In a similar case decided recently by the Kansas Supreme Court, a defendant appealed the district court's imposition of certain fees. See *State v. Gatewood*, 321 Kan. 564, 582 P.3d 534 (2026). As here, the defendant in *Gatewood* failed to preserve the fee objection. 321 Kan. at 565. In deciding not to review the merits, the court discussed why doing so would be inappropriate:

> "[P]rinciples of equity counsel against us relying on [the exception] to reach the merits. Gatewood and the State negotiated a plea agreement in which both parties received certain benefits. As part of the agreement, the State dismissed several charges against Gatewood. And it reserved the right to request certain fees at sentencing. At the sentencing hearing, the State asked the court to impose those fees. And Gatewood never objected. So the State had no reason to develop the record or its arguments supporting these fees.
>
> "Relying on a preservation exception to reach the merits here could create improper incentives. It could encourage similarly situated defendants to keep their powder dry—that is, give the State certain concessions to make sentencing arguments during negotiations, then ignore the preservation rule at sentencing, but object to the State's sentencing arguments on appeal. This would give defendants a chance to enrich the benefit of their bargain while depriving the State of the opportunity to fully develop its negotiated position. So we decline to reach the merits of Gatewood's unpreserved challenges to the court-imposed fees." 321 Kan. at 576-77.

The reasoning in *Gatewood* is persuasive. After receiving the benefit of a plea agreement reducing the originally charged six felonies and two misdemeanors to two felony convictions, Daniels failed to object to the district court's fee assessment. This failure meant the State was unable to present evidence supporting its contention that Daniels owed $800. Thus, this court is left to speculate about whether there were two valid KBI fees. As a result, this court finds no exception permits its review of Daniels' claim.

4

CONCLUSION

Daniels seeks this court's review of the assessment of KBI lab fees, but Daniels failed to object to or challenge the fee assessment at the district court. Therefore, this court lacks a complete record upon which to review Daniels' claim. Daniels failed to preserve this claim for appeal and this court declines to reach the merits.

Affirmed.